**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Larry BROWN and Dwite Gene Rover, Defendants-Appellants.**

**No. 75–2193**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1975.

---

* Summary Calendar case; Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

James D. Guess, San Antonio, Tex. (Court appointed), for Brown.

James W. Shoff, II, San Antonio, Tex. (Court appointed), for Rover.

John Clark, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

We have considered appellants' assignments of error relating to the insufficiency of the evidence, the jury instructions on bias and on knowledge that the victims were federal officers, the scope of cross-examination, and the sentences as abuses of discretion and as cruel and unusual punishment. After careful review of the record and applicable law, we find these assignments of error to be without merit.

Appellants also urge that the sentencing judge committed reversible error in failing to make an explicit finding at the time of sentencing, as required by *Dorszynski v. U. S.*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), that they would not benefit from treatment under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. The record indicates the judge was aware of the Act at the time of sentencing and expressly declined to apply it. Moreover, he made explicit findings in ruling on motions to modify the sentences that neither appellant would benefit from treatment under the Act. These findings were made shortly after sentencing and on consideration of the entire record.

 We do not approve of this practice, and the better practice in all cases is to enter a finding of record before imposing sentence. However, under the circumstances of this case a remand would be overly technical and useless. *See U. S. v. Dover*, 489 F.2d 688 (5th Cir. 1974).

 Additionally, appellant Rover is a young adult offender, over the age of 22, and the sentencing judge is not required to make explicit findings of no benefit in his case. *U. S. v. Gamboa-Cano*, 510 F.2d 598 (5th Cir. 1975).

Affirmed.