Richard WILLIAMS, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 76–2898
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1976.

Richard Williams, pro se.

Ronald T. Knight, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for respondent-appellee.

Before BROWN, Chief Judge, and GE-WIN and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

On November 12, 1971, Richard Williams was sentenced, pursuant to a verdict of guilty after trial by jury, to fifteen (15) years imprisonment for violation of 18 U.S.C. § 2113(d).[1] He filed a motion to vacate and set aside the sentence, asserting that at the time of sentencing he was twenty (20) years old and that the lower court failed to state expressly that it had determined that Williams would not benefit from treatment under the Youthful Corrections Act, 18 U.S.C. § 5010(b) or (c).[2]

Upon receipt of Williams' motion the lower court supplemented its original order by making a specific finding that at the time of sentencing as well as at the time of supplementing, Williams would not benefit from treatment under the Act.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. **§ 2113. Bank robbery and incidental crimes**

   (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

2. **§ 5010. Sentence**

   (b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter; or

   (c) If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Division prior to the expiration of six years from the date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Division as provided in section 5017(d) of this chapter.

Williams contends that the "no benefit" finding must appear in the record at the time of sentencing and may not be added by amendment. He cites *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). While it is true that in *Dorszynski,* the Court held that an affirmative finding of no benefit must appear in the record, it went on to state that, "[l]iteral compliance with the Act can be satisfied by any expression that makes clear the sentencing judge considered the alternative of sentencing under the Act and decided that the youth offender would not derive benefit from treatment under the Act." 418 U.S. at 444, 94 S.Ct. at 3053. The lower court record, as supplemented, meets that requirement.

This Court has approved the procedure whereby the District Court supplements the record and makes a finding of "no benefit" after the fact of sentencing. *See U. S. v. Dover,* 5 Cir., 1974, 489 F.2d 688; *U. S. v. Usher,* 5 Cir., 1974, 493 F.2d 1356, on remand, 500 F.2d 388; *U. S. v. Brown,* 5 Cir., 1975, 522 F.2d 207. The lower court has made the finding of "no benefit". Williams is entitled to nothing more.

AFFIRMED.