**Fernando Perez BUSTILLO, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 78–1153

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 22, 1978.

Rehearing and Rehearing En Banc Denied July 5, 1978.

Fernando Bustillo, pro se.

J. A. Canales, U. S. Atty., Anna E. Stool, James R. Gough, Asst. U. S. Attys., Houston, Tex., for respondent-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM.

Fernando Bustillo appeals from a judgment of the district court dismissing his motion to vacate sentence, 28 U.S.C. § 2255. We affirm. Assuming that the court reporter's notes of the sentencing proceedings of July 17, 1967, are available, and further assuming that the notes would show that the sentencing judge did not make an explicit finding whether appellant would benefit from treatment under the Federal Youth Corrections Act (18 U.S.C. § 5005 *et seq.*), there is no error. In his pleadings to the district court appellant avers that 18 U.S.C. § 4209 (now 18 U.S.C. § 4216) required the sentencing judge to make the explicit finding. In so pleading appellant has indicated that, at the time of conviction, he was a 24-year-old Young Adult Offender, between 22 and 26 years old. 18 U.S.C. § 4216. This Court has held that a sentencing judge is not required to make explicit findings that a Young Adult Offender would not benefit from the Youth Corrections Act. *Mitchell v. United States*, 5 Cir. 1977, 547 F.2d 875; *United States v. Brown*, 5 Cir. 1975, 522 F.2d 207; *United States v. Gamboa-Cano*, 5 Cir. 1975, 510 F.2d 598. Nor is any error demonstrated that the sentencing Judge failed to consider applicability of its Youth Correction Act.

AFFIRMED.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.