**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James SPAULDING, Jr., Defendant-
Appellant.**

**No. 71–3395.**

United States Court of Appeals,
Fifth Circuit.

June 21, 1972.

Robert O. Homes, Jr., New Orleans, La. (Court-appointed), for defendant-appellant.

Gerald J. Gallinghouse, Jr., U. S. Atty., Mary Williams Cazalas, Patrick C. McGinity, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before RIVES, BELL and MORGAN, Circuit Judges.

PER CURIAM:

A jury found James Spaulding, Jr., guilty of possessing and intending to distribute heroin in violation of 21 U.S. C. § 841(a) (1).[1]  Finding no error in the trial below, we affirm the judgment of conviction.

On May 3, 1971, in New Orleans, Louisiana, a confidential informer contacted agent Thomas L. McConnell of the Bureau of Narcotics and Dangerous Drugs (BNDD).  The informant stated that two men from Philadelphia, Pennsylvania, were in town to effect the delivery of heroin to one Charles Eames.  The informant further stated that the two men were registered at Mason's Motel and that they were driving a 1967 white Pontiac automobile bearing Pennsylvania license plate number 875–40A.

Agents of the BNDD proceeded immediately to Mason's Motel where they observed the white Pontiac as described by the informant.  After approximately three hours of surveillance the agents saw two Negro males, James Spaulding and Joseph Corsey, come out of the motel and drive away in the Pontiac.  The agents followed the Pontiac which eventually arrived at the residence of Charles Eames on 2749 St. Philip Street. Spaulding and Corsey got out of the automobile and entered Eames' residence while the BNDD agents continued their surveillance from across the street.

At approximately 3:15 P.M., Spaulding and Eames emerged from the residence and walked toward a 1965 Mustang automobile which was parked in Eames' driveway.  Spaulding was carrying a black box which he placed inside the trunk of the Mustang.  Both men then went back into the residence.  At 3:40 P.M. Spaulding and Eames again

---

[1]. In pertinent part 21 U.S.C. § 841(a) (1) provides as follows:

"Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to . . . possess with intent to distribute, or dispense, a controlled substance. . . . "

In 21 U.S.C. §§ 802 and 812 heroin is defined as a "controlled substance".

exited the residence and this time they entered the Mustang and drove away, with Eames driving and Spaulding sitting on the passenger side.

After the two men had driven a short distance, BNDD agents stopped the Mustang. Spaulding was ordered to get out of the automobile, and during a frisk for weapons, agents found two packets of heroin in Spaulding's pants pocket. The agents opened the trunk of the vehicle and observed a black stereo cartridge case and a cardboard box containing approximately 1,000 glassine envelopes. Inside the stereo cartridge case, agents found two spoons containing a wax-like substance, a measuring spoon, a Scotch tape container, rubber bands, two bundles of glassine envelopes, two playing cards, and several additional packages of heroin.

■■ On appeal Spaulding contends that the search of his person and the search of the automobile were illegal and that the evidence obtained therefrom should have been suppressed. We cannot agree. There is no question that the BNDD agents possessed probable cause for Spaulding's arrest. Detailed information was supplied by an informant who had proved to be reliable in the past, and the agents themselves observed activity which confirmed the informant's tip. See Juarez-Flores v. United States, 5 Cir. 1968, 394 F.2d 161. The search of Spaulding's person was clearly permissible under Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685, as a search for weapons necessary for the protection of the arresting officers. Moreover, the search of the automobile is substantially indistinguishable from the search which was upheld by the Supreme Court in Chambers v. Maroney, 1970, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419.

We have carefully examined each of Spaulding's several other contentions and we find them all without merit.

Affirmed.