UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Eugene VAUGHAN, Jr.,
Defendant-Appellant.

No. 73–3801

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 1, 1974.

————◆————

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 5th Cir. 1970, 431 F.2d 409, Part I.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Donald E. Brutkiewicz, Mobile, Ala. (court-appointed), for defendant-appellant.

Charles E. White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Vaughan was found guilty of violating 18 U.S.C.App. § 1202(a), possessing a firearm after having been convicted of a felony. He stipulated to facts which would support a conviction, but entered a plea of double jeopardy, having previously been convicted in Municipal Court of assault with a pistol, in violation of Alabama state law, a transaction with the very same pistol involved in the present federal prosecution. The sole issue on appeal is whether Vaughan's conviction in federal district court was barred by the constitutional prohibition against double jeopardy.

■ We said in Harlow v. United States, 5 Cir., 1962, 301 F.2d 361, 373–374, cert. denied, 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56:

There are always two questions which must be resolved when a defendant in a criminal case interposes a plea of former jeopardy. The first is whether both tribunals before which the defendant was tried derived their authority and jurisdiction from the same sovereign; the second is whether both prosecutions were for the same "offense." [Footnote omitted.]

■ Waller v. Florida, 397 U.S. 387, 391–396, 90 S.Ct. 1184, 1187–1188, 25 L. Ed.2d 435 (1970), held that a conviction in municipal court barred a subsequent trial for the same offense in state court because the municipality and the state were not separate sovereign entities. Vaughan's reliance on *Waller* is misplaced, for a municipality and the federal government represent two distinct sovereigns. *See* Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L. Ed.2d 729 (1959), and Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed. 2d 684 (1959). This Court has recognized the validity of subsequent prosecutions by different sovereigns since the *Waller* decision. United States v. Jackson, 5 Cir., 1972, 470 F.2d 684, 689, cert. denied, 412 U.S. 951, 93 S.Ct. 3019, 37 L.Ed.2d 1004 ("An act ·denounced as a

**1098**

crime by both federal and state sovereignties is an offense against the peace and dignity of both, and may be punished by each."); Hill v. United States, 5 Cir., 1971, 452 F.2d 664, 665. There was no bar to Vaughan's prosecution in federal court.

 Additionally, we question, without deciding, whether the municipal and federal prosecutions were for the same offense. As stated in Harlow v. United States, *supra*, 301 F.2d at 375:

> "[T]he test of identity of offenses is whether the same evidence is required to sustain them." Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 59 L. Ed. 1153.

To sustain a conviction on the federal charge, the Government had to prove that Vaughan possessed a firearm which had traveled in interstate commerce and that the defendant was a convicted felon. This proof would not be required to sustain a conviction of assault with a pistol.

Affirmed.