**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kenneth Kermit HAYLES, Defendant-Appellant.**

**No. 72-3681.**

United States Court of Appeals, Fifth Circuit.

April 4, 1974.

Rehearing Denied May 3, 1974.

Francis I. Gandy, Jr., Corpus Christi, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Ellis C. McCullough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

Kenneth Kermit Hayles appeals from a conviction of bank robbery, 18 U.S.C., § 2113(a) and an ensuing sentence of twenty five years imprisonment. We affirm.

This appeal was argued in New Orleans on October 1, 1973. We deferred decision pending the outcome in the Supreme Court of United States v. Matlock, —— U.S. ——, 94 S.Ct. 988, 38 L. Ed.2d 242 [decided February 20, 1974, 42 LW 4252].

In *Matlock* the Supreme Court held that "the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared."

This settles the primary contention raised by Hayles. There can be no doubt that Mrs. Hayles consented to the search of an automobile which her husband, the appellant, had borrowed from another. Hayles sought, however, to suppress evidence secured from that vehicle on the ground that his wife had no joint control. The District Court found that Mrs. Hayles did have joint control and that finding is supported by the evidence.

Hayles was arrested at his home. As he took his departure with the officers he carried several items with him but not the car keys, which were on a dresser. Members of the family had always had access to another car owned by the defendant but he gave no instructions as he left the keys that they were not to use the borrowed vehicle. Thereafter, the son did use the car to drive to school; this had been done so the wife would not have to take him and return home to get other children ready for school before leaving to go to her employment. Indeed, the wife testified that she would not have given the son permission to drive the car to school had she thought it would displease her husband. The car was in the family yard when she gave the keys to the officers.

Hayles also complains that he had already been convicted of the robbery in the state courts and thus the federal prosecution amounted to double jeopardy, but the Supreme Court adversely disposed of a similar contention in Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). The decision in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970) is of no help to the appellant since that case involved prosecution for the same conduct by both the state and by one of its municipalities, they not being separate sovereignties.

Neither can we review the discretion of the Executive in deciding to prosecute for a federal offense although a state conviction had already been secured for the same conduct, United States v. Cox, 5 Cir., 1965, 342 F.2d 167, cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700.

The assignments of error as to the conduct of the trial, the denial of a change of venue, the failure to sequester the jury, or to poll it as to alleged unfavorable publicity have been duly considered and are found short of reversible magnitude.

The Judgment of the District Court is Affirmed.