**Larry Joseph BROWN,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 76–3955**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 27, 1977.

Rehearing Denied July 11, 1977.

---

\* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Larry Joseph Brown, pro se.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Larry Joseph Brown, appellant, is a federal prisoner incarcerated in the Federal Penitentiary at Terre Haute, Indiana. He is serving a twenty year sentence imposed on September 6, 1972, after he was found guilty by a jury of a violation of 18 U.S.C. § 2113(a), (d), armed bank robbery. We affirmed his conviction in *United States v. Brown*, 5 Cir. 1973, 473 F.2d 952. In his pro se 28 U.S.C. § 2255 Motion to Vacate Sentence, appellant advances four grounds for possible error.

Appellant first contends that the trial court failed to make a "no benefit" finding under the Federal Youth Corrections Act. 18 U.S.C. § 5005 et seq. The record reveals that petitioner was twenty-two years old at the time of his conviction and thus the sentencing judge was not required to make specific findings of no benefit in his case. *United States v. Brown*, 5 Cir. 1975, 522 F.2d 207; *United States v. Gamboa-Cano*, 5 Cir. 1975, 510 F.2d 598. *Mitchell v. United States*, 5 Cir., 547 F.2d 875 (1977).

Appellant next contends that he was placed in double jeopardy because he was convicted of armed robbery in a Louisiana state court and convicted of armed bank robbery in the federal district court. Although both convictions were for the same acts they were obtained by separate sovereigns under separate laws; thus such convictions do not amount to double jeopardy.

*United States v. Hayles*, 5 Cir. 1974, 492 F.2d 125; *United States v. Burke*, 5 Cir. 1974, 495 F.2d 1226; *United States v. Jackson*, 5 Cir. 1972, 470 F.2d 684.

The third and fourth issues are raised against appellant's original retained counsel. The appellant alleges that this retained counsel's actions denied him due process and effective assistance of counsel and compelled him to testify against himself. The relevant facts are that the appellant's parents hired private counsel shortly after the appellant's arrest. The counsel advised appellant that if he would reveal to him the location of the stolen money so it could be returned to the police, this factor could be used to obtain a lighter sentence. Counsel also advised that the money (which was bait money) if returned, could not be used against him as evidence in the trial. The appellant, after learning that the evidence would be used against him, dismissed this attorney. The *court* appointed another attorney. The court-appointed attorney failed to object to the introduction of the money either at trial or on appeal on the grounds that it was obtained via an alleged breach of an attorney-client privilege. The appellant is alleging that his Sixth Amendment rights were infringed upon by the conduct of his first (privately retained) counsel.

Assuming all the above facts are true (*and they have not yet been established*), we find that there is no merit to the appellant's claim. The mere fact that the appellant is taken into custody does not trigger a right to counsel, but rather such right is triggered by commencement of adversary judicial proceedings. If a defendant elects to retain private counsel at a point when counsel is not constitutionally guaranteed, and that private counsel is ineffective or "betrays" the defendant, the defendant cannot allege that his Sixth Amendment rights have been infringed upon. Appellant's prompt dismissal of his private counsel foreclosed any suggestion that such early ineffectiveness or "betrayal" could cast presumptive doubt over counsel's performance subsequent to the com-

mencement of adversary judicial proceedings. As long as defendant is competently represented by counsel at those stages which are considered "critical", and there is no allegation that he was not so represented by his court-appointed counsel, then no constitutional violations have occurred.

The dismissal is affirmed.