**David Lee FRY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 77–2947 Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

March 9, 1978.

As Amended April 24, 1978.

David Lee Fry, pro se.

James R. Gough, Asst. U. S. Atty., J. A. "Tony" Canales, U. S. Atty., George A. Kelt, Jr., Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant was convicted in the district court on a plea of guilty to robbing a national bank in violation of 18 U.S.C. § 2113 (1970). He subsequently moved to vacate his sentence under 28 U.S.C. § 2255 (1970), contending, as he now does on appeal, that

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

his federal prosecution was maintained in violation of the Department of Justice's *Petite* Policy. *See Petite v. United States,* 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). It is suggested that the *Petite* Policy requires the vacation of appellant's conviction and the dismissal of the indictment because he had already been arrested by the Texas state authorities on a state charge arising out of the same bank robbery. Appellant also contends that his conviction should be set aside for want of effective assistance of counsel in connection with his guilty plea. He claims that his attorney was incompetent because the attorney failed to inform him of the existence of the *Petite* Policy. Had the attorney done so, it is urged, appellant would not have entered the guilty plea.

Our examination of the record discloses that appellant made a knowing and voluntary plea of guilty to the charge and that the district court's finding that counsel was competent and rendered effective assistance, even though counsel may have been unaware of the *Petite* Policy, is correct. It is unnecessary for us to consider whether the government violated its *Petite* Policy by carrying out this prosecution notwithstanding appellant's arrest by state authorities on related state charges. It is enough to know that the government does not urge its application but rather insists the policy was not violated. *Cf. Rinaldi v. United States,* —— U.S. ——, ——, 98 S.Ct. 81, 86, 54 L.Ed.2d 207 (1977).

A knowing and voluntary guilty plea made on the advice of competent counsel waives all but jurisdictional defects. We are convinced that a violation of the *Petite* Policy is not a jurisdictional defect. *United States v. Sepe,* 474 F.2d 784, *aff'd on rehearing en banc,* 486 F.2d 1044 (5th Cir. 1973).

AFFIRMED.