**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Clinton MARTIN and Thomas Ray Martin, Defendants-Appellants.**

No. 77–2884

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 16, 1978.

Rehearing and Rehearing En Banc Denied Aug. 18, 1978.

Lawrence S. Katz, Miami Beach, Fla., for defendants-appellants.

J. V. Eskenazi, U. S. Atty., Karen L. Atkinson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Appellants, father and son, were convicted upon a bench trial of a conspiracy to import marijuana into the United States from the Bahamas and to possess marijuana with intent to distribute it, in violation of 21 U.S.C. § 963. On appeal, they contend that the district court erred in denying their motions to dismiss the indictment on grounds of former jeopardy; and that their convictions were obtained in violation of the federal policy against multiple prosecutions for the same offense. Finding no merit in these contentions, we affirm the judgments appealed from.

The appellants pleaded guilty in a Bahamian court to charges of conspiracy to import dangerous drugs (marijuana) into the Bahamas, conspiracy to export dangerous drugs from the Bahamas, and possession of dangerous drugs. After serving prison terms and paying fines in the Bahamas, appellants returned to the United States to answer to its indictment.

The Bahamian convictions resulted from the same general set of facts as those charged in the United States although the indictments vary in some details, such as the dates when the conspiracies began and ended. But that does not in itself establish former jeopardy.

To sustain a defense of former jeopardy based on the Fifth Amendment it must be shown that:

1. Both tribunals derived their authority and jurisdiction from the same sovereign; and

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

2. Both prosecutions were for the same offense. *Brown v. United States*, 5 Cir. 1977, 551 F.2d 619, 620; *United States v. Vaughan*, 5 Cir. 1974, 491 F.2d 1096. Successive prosecutions by the federal Government and a State for the same offense are permissible, because they are separate sovereigns. *United States v. Vaughan, supra.* This rule has been reiterated by the Supreme Court in several cases, notably *Bartkus v. Illinois*, 1959, 359 U.S. 121, 128–29, 79 S.Ct. 676, 681, 3 L.Ed.2d 684, and *Abbate v. United States*, 1959, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729. *See also United States v. Wheeler*, 1978, —— U.S. ——, 98 S.Ct. 1079, 55 L.Ed.2d 303 holding that a conviction by a Navajo Tribal Court did not bar a subsequent conviction on the same facts in a federal court since they were not arms of the same sovereign.

The Bahama Islands are in no respect under the sovereignty of the United States. They are an independent commonwealth. The rule of *Abbate* applies *a fortiori*.

Moreover, though the offenses charged may be considered to originate in the same plan, they were not identical: a conspiracy to import marijuana into and export it from the Bahamas is not the same as a conspiracy to import marijuana into the United States and to possess marijuana with intent to distribute it, as charged in the federal indictment. Each of these offenses obviously would require proof of some facts that would not be necessary as to the others.

Appellants contend that, because of concerted action between the Bahamian government and the United States, their successive convictions should be treated as if they were obtained by the same sovereign. In *Bartkus* the Supreme Court observed that such a conclusion might result where there had been federal-state cooperation on a prosecution if the cooperation were so extensive that the state court system was merely a tool for the federal

government. 359 U.S. at 123–24, 79 S.Ct. at 678.

We need not decide whether *Bartkus* extends to joint efforts of the United States and another national sovereign, for there was no joint effort at prosecution here. The Bahamian prosecutions resulted from the fortuitous discovery of a cache of marijuana while their police were investigating a helicopter crash and the later confessions obtained from appellants. Appellants testified below that no United States agents had any part in obtaining these confessions, nor does it appear that the United States Government contributed in any substantial way to appellants' Bahamian convictions.

The Constitution of the United States has not adopted the doctrine of international double jeopardy. *See Bartkus, supra*, 359 U.S. at 128, note 9, 79 S.Ct. at 680–681, 3 L.Ed.2d at 690, rejecting both international double jeopardy and notions of restraint due to comity, *cf. United States v. Furlong*, 1820, 18 U.S. (5 Wheat.) 184, 197, 5 L.Ed. 64, which dealt with the offenses of piracy, which it defined as robbery committed on the seas, and murder on the seas. The Court there observed, "Robbery on the seas is considered as an offence within the criminal jurisdiction of all nations." 18 U.S. (5 Wheat.) at 197. It concluded that, therefore, a plea of *autrefois acquit* relative to that offense would be good in any civilized state—but that the rule with regard to murder was otherwise. A conspiracy to import marijuana into the Bahamas and a separate conspiracy to import marijuana into the United States cannot be united under one umbrella, nor are these acts the subject of universal agreement among nations. Nor does any notion of comity bar the instant prosecution.

Finally, appellants contend that their convictions violate the established federal policy against a second prosecution for the same offense, known as the *Petite* Policy of the Department of Justice. *See Petite v. United States* 1960, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490. While the record fails to indicate that this point was presented below,[1] the defense did cite *United States v.*

---

1. Ordinarily issues not presented below will not be adjudicated on appeal. *Chunn v. Clark*, 5 Cir. 1971, 451 F.2d 1005, 1007.

*Jones*, 1975, 174 U.S.App.D.C. 34, 527 F.2d 817, which mentions the policy, in their brief in support of the motion to dismiss. This case was cited, however, only for the proposition, "[s]ince successive prosecutions on identical or lesser included D. C. and federal offenses emanate from the same sovereignty, they are precluded by double jeopardy considerations." 174 U.S.App.D.C. at 38, 527 F.2d at 821. Since only a legal issue is presented, it can be decided on the record, and this procedure may avoid post-trial motions to do so.

The *Petite* Policy simply has no application to this case. Since the policy serves to protect interests that would be embraced by the Double Jeopardy Clause but for the "double sovereignty" principle of the federal system, it has been applied only to duplicating state and federal prosecutions or successive federal prosecutions and not to convictions by a foreign nation. The Supreme Court has interpreted the policy as a limit on successive prosecutions for the *same offense*, a situation not present here. *Rinaldi v. United States*, 1977, 434 U.S. 22, 98 S.Ct. 81, 82 (note 5), 85, 54 L.Ed.2d 207. Moreover, the coup de grace was put to this argument by our recent decisions in several cases, summarized in our opinion in *United States v. Nelligan*, 5 Cir., May 19, 1978, 573 F.2d 251, slip opinion page 4177, 4181, in which we said, "[T]he *Petite* policy is intended to be no more than self-regulation on the part of the Department of Justice. . . . This court has recognized that *Petite* is an internal policy of self-restraint that should not be enforced against the government. *See Fry v. United States*, 5 Cir., 1978, 569 F.2d 303, 306; *United States v. Hayles*, 5 Cir., 492 F.2d 125, 126, *vacated on other grounds*, 419 U.S. 892, 95 S.Ct. 168, 42 L.Ed.2d 136 (1974)." (footnotes omitted)

Finding no merit to appellants' contentions on appeal, nor reversible error relative to any other aspect of the case, we AFFIRM the judgments appealed from.

AFFIRMED.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.