**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Edward Frank SNELL, Defendant-Appellee.**

No. 78–1686.

United States Court of Appeals, Ninth Circuit.

March 12, 1979.

Sanford Svetcov, Chief Asst. U. S. Atty. (argued), San Francisco, Cal., for plaintiff-appellant.

Paul H. Alvarado (argued), San Francisco, Cal., for defendant-appellee.

Before CARTER, BRIGHT,* and CHOY, Circuit Judges.

CHOY, Circuit Judge:

The Government appeals from the district court's dismissal of an indictment against Snell. We reverse and remand.

I. *Statement of the Case*

Snell was originally convicted of attempted extortion in violation of 18 U.S.C. § 1951 and conspiracy to commit bank robbery in violation of 18 U.S.C. §§ 371, 2113(a). On appeal, this court affirmed the conspiracy conviction but reversed the extortion conviction. *United States v. Snell*, 550 F.2d 515 (9th Cir. 1977) [*Snell I*]. We held that Snell could not properly be charged for attempted extortion because "the bank robbery statute provides the exclusive remedy for conduct within its coverage." *Id.* at 518.[1]

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. For a more comprehensive discussion of the facts underlying this case, see *United States v. Snell*, 550 F.2d 515 (9th Cir. 1977) [*Snell I*].

On remand, the Government obtained an indictment charging Snell with attempted bank robbery in violation of 18 U.S.C. § 2113(a). Snell moved for dismissal on the grounds that the prosecution would violate his rights under the double jeopardy and due process clauses of the Constitution. The district court dismissed the indictment.

II. *Double Jeopardy Claim*

■■■ Snell contends that given his conviction for conspiracy to commit bank robbery and attempted extortion, the double jeopardy clause precludes a subsequent prosecution for attempted bank robbery arising from the same transaction. In *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court observed that the double jeopardy clause is implicated only when a defendant is tried twice for the same offense. As we wrote recently in *Walker v. Loggins* (9th Cir. 1979), slip op. 377:

> Where the same act constitutes a violation of two distinct statutory provisions, the test laid down in *Blockburger* . . for determining whether there are two offenses or only one is "whether each provision requires proof of an additional fact which the other does not." [Citations omitted.]

*Id.* at slip. op. 379. Because establishing a conspiracy to commit bank robbery

and attempted extortion involves proof of facts not required for establishing attempted bank robbery, and *visa versa*, we conclude that under *Blockburger* and *Walker*, Snell's claim does not implicate the double jeopardy clause.

■■■ Snell relies heavily upon Justice Brennan's concurring opinion in *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). Justice Brennan wrote:

> [T]o permit the Government statutorily to multiply the number of offenses resulting from the same acts, and to allow successive prosecutions of the several offenses, rather than merely the imposition of consecutive sentences after one trial of those offenses, would enable the Government to "wear the accused out by a multitude of cases with accumulated trials." [Citation omitted.] Repetitive harassment in such a manner goes to the heart of the Fifth Amendment protection.

*Id.* at 199–200, 79 S.Ct. at 673. This alternative standard, however, has not been adopted by the Supreme Court or this court; in *Walker* we reaffirmed our adherence to the traditional *Blockburger* standard. *Id.* at slip op. 379. Moreover, as discussed in part III *infra*, the Government's conduct here did not constitute "repetitive harassment."[2] In short,

2. Snell cites *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141 (1978), in which the Supreme Court held that a reversal of a conviction because of insufficient evidence barred a subsequent retrial on the same charge. In *Snell I*, however, we reversed because of our interpretation of the federal bank robbery statute and not because of insufficiency of the evidence.

Snell also relies upon the Supreme Court's opinion in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In that case the Court held that "joyriding" and auto theft "constitute 'the same statutory offense' within the meaning of the Double Jeopardy Clause" under the *Blockburger* test. *Id.* at 168, 97 S.Ct. at 2226. In a footnote the Court added:

> The *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first.

Thus in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), where an acquittal on a charge of robbing one of several participants in a poker game established that the accused was not present at the robbery, the Court held that principles of collateral estoppel embodied in the Double Jeopardy Clause barred prosecutions of the accused for robbing the other victims. And in *In re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), the Court held that a conviction of a Mormon on a charge of cohabiting with his two wives over a 2½-year period barred a subsequent prosecution for adultery with one of them on the day following the end of that period.

> . . . [T]he Court in both cases held the separate offenses to be the "same" for purposes of protecting the accused from having to " 'run the gantlet' a second time." . . .

Because we conclude today that a lesser included and a greater offense are the same under *Blockburger*, we need not decide whether the repetition of proof required by

the district court erred in dismissing the indictment on the basis of the double jeopardy clause.

## III. *Due Process Claim*

The Government contends that its second prosecution did not violate Snell's due process rights. Snell refers to decisions like *United States v. Ruesga-Martinez*, 534 F.2d 1367 (9th Cir. 1974). There the prosecutor initially charged the defendant with a misdemeanor. When the defendant refused to waive certain procedural rights, the prosecutor filed a felony information. We wrote:

> [W]hen the prosecution has occasion to reindict the accused because the accused has exercised some procedural right, the prosecution bears a heavy burden of proving that any increase in the severity of the alleged charges was not motivated by a vindictive motive.

*Id.* at 1369; *see Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1975).[3]

---

the successive prosecutions against Brown would otherwise entitle him to the additional protection offered by *Ashe* and *Nielsen*.

*Id.* at 166–67 n. 6, 97 S.Ct. at 2226 n. 6. The last paragraph quoted indicates that the Supreme Court recognized that its discussion was *dicta*. Moreover, neither *Ashe* nor *Nielsen* applies to the present case. In *Ashe* a number of men had robbed six poker players and stolen a car. The State charged the purported robbers "with seven separate offenses—the armed robbery of each of the six poker players and the theft of the car." 397 U.S. at 438, 90 S.Ct. at 1191. Petitioner was first tried for robbery of one of the poker players. Although instructed that "if it found that the petitioner was one of the participants in the armed robbery, the theft of 'any money' from [the victim] would sustain a conviction," the jury found petitioner "not guilty due to insufficient evidence." *Id.* at 439, 90 S.Ct. at 1191. When the State then prosecuted him for robbery of one of the other poker players, petitioner moved to dismiss.

The Court held that the principle of collateral estoppel as embodied in the double jeopardy clause barred the second trial. The Court noted that the first jury's acquittal could only be interpreted as meaning that the jury had found insufficient evidence that petitioner was one of the robbers. Since that was also an essential element of the proof of the second charge, collateral estoppel barred the State from proving the second charge. The Court wrote: "The question . . . is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again." *Id.* at 446, 90 S.Ct. at 1195. The Court thus foreshadowed its *Burks* rationale: the Government should not have two chances to provide sufficient evidence to convict a defendant.

In the present case Snell was convicted in the first trial of attempted extortion and conspiracy to commit bank robbery. Thus, the jury verdict did not determine a factual issue adversely to the Government so as to preclude the Government from taking a "second try" at proving that factual issue.

*Nielsen* arose from the Government's efforts in the late nineteenth century to end polygamy among Mormons in Utah. Two indictments were handed down against Nielsen. The first charged that he had lived with two "wives" from October 15, 1885, through May 13, 1888. Nielsen pleaded guilty to this charge and was sentenced to three months' imprisonment and a fine.

The second indictment charged that Nielsen committed adultery with one of his "wives" on May 14, 1888. The trial court rejected his claim that his conviction for having two wives barred a subsequent indictment for adultery with one of those wives.

After determining that Nielsen could attack his second conviction through a habeas corpus proceeding, the Supreme Court held that the double jeopardy clause barred the second conviction. Noting that the illegal cohabitation charged in the first indictment was an on-going crime continuing past May 14, the Court wrote:

> We are satisfied that a conviction [on the first indictment] was a good bar [to the second indictment] . . . . We think so because the material part of the adultery charged was comprised within the unlawful cohabitation of which the petitioner was already convicted and for which he had suffered punishment.

*Id.* at 187, 9 S.Ct. at 676. The Court continued:

> [I]t seems to us very clear that where . . . a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense.

*Id.* at 188, 9 S.Ct. at 676. The Court concluded with a discussion of the "familiar learning that there are many cases in which a conviction or acquittal of a greater crime is a bar to a subsequent prosecution for a lesser one." *Id.* at 189, 9 S.Ct. at 676.

Snell does not contend that attempted bank robbery is a lesser included offense of attempted extortion or conspiracy to commit bank robbery, or *visa versa*. Thus, *Nielsen* is inapposite.

3. Snell's other citations are unpersuasive. For example, he cites *United States v. Steele*, 461 F.2d 1148, 1151 (9th Cir. 1972). In that case

In the present case the Government's second indictment charged Snell with a crime—attempted bank robbery—having the same maximum sentence as the attempted extortion charge reversed by this court in *Snell I*.[4] Moreover, we cannot ascribe vindictiveness to the Government's charging for attempted bank robbery after this court in *Snell I* reversed the attempted extortion conviction because attempted bank robbery was the proper charge. In short, we have here neither an "increase in the severity of the alleged charge" nor a "vindictive motive."

## IV. *Petite Policy*

Snell argues that a Department of Justice policy known as the Petite policy bars the second prosecution. In *United States v. Petite*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960), the Supreme Court, at the request of the Solicitor General, remanded a case to the lower courts with instruction to dismiss the indictment against the defendant. The Solicitor General asked for the dismissal because he felt that the prosecution violated

> the general policy of the Federal Government "that several offenses arising out of a single transaction should be alleged and tried together and should not be made the basis of multiple prosecutions, a policy dictated by considerations both of fairness to defendants and of efficient and orderly law enforcement."

*Id.* at 530, 80 S.Ct. at 451. The Department of Justice has also applied the same philosophy to successive state-federal prosecutions:

> No Federal case should be tried when there has been a state prosecution for substantially the same act or acts without a recommendation having been made to the Assistant Attorney General demonstrating compelling Federal interests for such prosecution.

United States Attorney's Manual § 9.2.142; *see Rinaldi v. United States*, 434 U.S. 22, 24 n. 5, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977); *Petite*, 361 U.S. at 531, 80 S.Ct. 450; *United States v. Mikka*, 586 F.2d 152, 153 (9th Cir. 1978) *U. S. appeal pending*, —— U.S. ——, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979). Snell argues that the second prosecution violated the Petite policy as it applies to successive federal prosecutions and that such a violation requires dismissal of the indictment.

Assuming *arguendo* that the second prosecution violates the Petite policy, we conclude that such a violation of the internal housekeeping rules of the Department of Justice does not entitle Snell to dismissal of the indictment.[5] First, the Supreme Court has remanded cases because of the Petite policy only at the request of the Department of Justice. *See Rinaldi*, 434 U.S. at 25–26 n. 8, 98 S.Ct. 81; *Mikka*, at 154 n. 2. As the Tenth Circuit recently wrote: "We have searched the cases in an effort to find one in which the *Petite* policy has been applied in favor of a defendant over the objections of the government and we have found no such cases." *United States v. Thompson*, 579 F.2d 1184, 1188 (10th Cir. 1978). Second, the Supreme Court has stated that the Petite policy is not constitutionally required. *Rinaldi*, 434 U.S. at 29, 98 S.Ct. 81. Third, Snell's argument ignores the critical distinction between a formally promulgated regulation of the Justice Department, and a letter, press release, or similar statement of the internal policies of the Department. *See United States v. Hutul*, 416 F.2d 607, 626 (7th Cir. 1969), *cert. denied*, 396 U.S. 1007, 90 S.Ct. 562, 24 L.Ed. 499 *and* 396 U.S. 1012, 90 S.Ct. 573, 24 L.Ed.2d 504 *and* 396 U.S. 1024, 90 S.Ct. 599, 24 L.Ed.2d 517 (1970). Fourth, according the internal policy such binding effect would discourage the Department

we held that a criminal defendant had made a sufficient showing, unrebutted by the Government, that he had been the victim of purposefully discriminatory prosecution in violation of the equal protection element of the Fifth Amendment due process clause. Snell has not claimed—and we find no basis for a claim—that he has been subjected to a purposefully discriminatory prosecution.

4. The attempted bank robbery charge carries a smaller maximum fine than does an attempted extortion charge.

5. This question was left open in our recent decision in *United States v. Mikka*, 586 F.2d 152, 154 n. 3 (9th Cir. 1978).

from adopting other such laudable policies. Finally, all the Courts of Appeals that have considered this question have agreed that a criminal defendant cannot invoke the Petite policy as a bar to federal prosecution. *E. g., United States v. Howard,* 590 F.2d 564, 567–68 (4th Cir. 1979); *United States v. Fritz,* 580 F.2d 370, 375 (10th Cir. 1978); *United States v. Wallace,* 578 F.2d 735, 740 n. 4 (8th Cir. 1978); *United States v. Martin,* 574 F.2d 1359, 1361 (5th Cir. 1978), *U. S. appeal pending,* —— U.S. ——, 99 S.Ct. 456, 58 L.Ed.2d 425 (1979); *Hutul,* 416 F.2d at 626–27. As the Fifth Circuit concluded:

[I]t is apparent that the *Petite* policy is intended to be no more than self-regulation on the part of the Department of Justice. . . . The Supreme Court has never compelled the dismissal of a prosecution pursuant to the *Petite* policy over the objections of a recalcitrant Department of Justice. This court has recognized that *Petite* is an internal policy of self-restraint that should not be enforced against the government.

*United States v. Nelligan,* 573 F.2d 251, 255 (5th Cir. 1978).

REVERSED AND REMANDED.