No. 80–5643. SNELL *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Petitioner seeks review on double jeopardy grounds of his conviction of attempted bank robbery. 18 U. S. C. § 2113 (a). I would grant the petition for certiorari and reverse the judgment of the United States Court of Appeals for the Ninth Circuit.

Petitioner was originally charged in an indictment with attempted extortion, 18 U. S. C. § 1951, and conspiracy to commit bank robbery, 18 U. S. C. §§ 371, 2113 (a), and was convicted on both counts. On appeal, the Court of Appeals affirmed the conspiracy conviction, but reversed the attempted extortion conviction on the ground that the conduct charged was within the exclusive coverage of 18 U. S. C. § 2113 (a). 550 F. 2d 515 (1977). Petitioner was then charged in a second indictment with attempted bank robbery in violation of § 2113 (a), arising out of the same transaction which had given rise to the conspiracy conviction and the reversed conviction of attempted extortion. The United States District Court for the Northern District of California dismissed this second indictment on double jeopardy and due process grounds. The Court of Appeals reversed and re-

manded the case to the District Court for trial. 592 F. 2d 1083 (1979). A petition for certiorari was denied. 442 U. S. 944 (1979). Petitioner was then convicted of attempted bank robbery. His request to set aside his conviction on double jeopardy grounds was rejected by the Court of Appeals, 627 F. 2d 186 (1980), and this petition followed.

I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (BRENNAN, J., concurring). See *Clift* v. *Alabama,* 435 U. S. 909 (1978) (BRENNAN, J., dissenting); *Thompson* v. *Oklahoma,* 429 U. S. 1053 (1977) (BRENNAN, J., dissenting), and cases collected therein. Since the charge under the second indictment arose out of the same criminal transaction that led to the conspiracy conviction and the reversed conviction of attempted extortion, the Double Jeopardy Clause barred its prosecution. I would, therefore, grant the petition for certiorari and reverse the judgment of the Court of Appeals.