988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Esperanza VARGAS, Defendant-Appellant.
 No. 92-50415.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1993.*
Decided March 11, 1993.
 
 Appeal from the United States District Court for the Southern District of California; No. CR-91-521-02-RMB, Rudi M. Brewster, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before SCHROEDER, DAVID R. THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vargas was indicted for conspiring with her two adult children to hold Juana Hernandez-Ortiz to involuntary servitude in violation of 18 U.S.C. § 241, knowingly and willfully holding Hernandez-Ortiz to involuntary servitude in violation of 18 U.S.C. § 1584, and harboring an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(C). After a jury trial, Vargas was convicted of involuntary servitude and harboring an alien, but acquitted of conspiracy.
 
 
 3
 The district court sentenced Vargas to forty-six months imprisonment with credit for time served on a related state conviction, three years supervised release, and a $100 special assessment.
 
 
 4
 Vargas timely filed a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.
 
 
 5
 * Prior to her federal indictment, Vargas pleaded guilty in California court to a state charge of holding Hernandez-Ortiz in involuntary servitude in violation of California Penal Code § 181. She contends that the subsequent federal prosecution and conviction violated the Double Jeopardy Clause of the Fifth Amendment because the federal and state charges were identical and because the federal prosecution was motivated by the government's belief that the sentence imposed by the state court was insufficient. However, "the double jeopardy provisions of the fifth amendment are not implicated by state and federal prosecutions even for identical offenses involving identical issues." United States v. Mikka, 586 F.2d 152, 154 (9th Cir.1978), cert. denied, 440 U.S. 921 (1979); accord Abbate v. United States, 359 U.S. 187, 195 (1959); cf. United States v. Snell, 592 F.2d 1083, 1087-88 (9th Cir.) (violation of internal Department of Justice rules regarding multiple prosecutions does not entitle defendant to dismissal of indictment), cert. denied, 442 U.S. 944 (1979). Thus, her claim is without merit.
 
 II
 
 6
 In calculating Vargas's sentence, the district court concluded that the underlying offense was aggravated assault. The court then increased Vargas's base offense level by two levels under U.S.S.G. § 2A2.2(b)(1) because "the assault involved more than minimal planning." Vargas contends that this increase was erroneous.
 
 
 7
 More than minimal planning is defined as "more planning than is typical for the commission of the offense in a simple form" and "is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1, comment. (n. 1(f)). We review the application of the Sentencing Guidelines de novo, United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992), but review the district court's factual findings for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 8
 Vargas argues that her acts were angry outbursts based upon unpredictable events and, thus, her conduct was "purely opportune." The district court, however, found more than minimal planning because of the period of time over which the conduct was continued. It is undisputed that this case involved numerous repeated acts of abuse over a period lasting almost a year. Therefore, more than minimal planning is deemed present unless it is clear that each instance was purely opportune. The government contends that at least some of Vargas's acts were intended to intimidate and discipline Hernandez-Ortiz. Moreover, the government argues "that significant affirmative steps were taken to conceal the offense." See U.S.S.G. § 1B1.1, comment. (n.(1f)). In light of the nature and frequency of abuse, we cannot say that each instance was purely opportune. Accordingly, the district court's two level increase in the base offense level was not clearly erroneous.
 
 III
 
 9
 The district court denied Vargas's request for a two level reduction in her base offense level for acceptance of responsibility. Vargas contends that the district court erred.
 
 
 10
 Under the Guidelines in effect at the time Vargas was sentenced, a reduction for acceptance of responsibility is warranted "if the defendant clearly demonstrates a recognition and acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). "Whether or not a defendant has accepted responsibility for his crime is a factual determination" to which the clearly erroneous standard of review applies. United States v. Gonzales, 897 F.2d 1018, 1019 (9th Cir.1990). "The sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference and should not be disturbed on review unless without foundation." Id. (quoting U.S.S.G. § 3E1.1, comment. (n. 5)).
 
 
 11
 Vargas pleaded guilty in state court to holding Hernandez-Ortiz in involuntary servitude, testified truthfully at trial, admitted her involvement to the probation officer, and apologized both in a letter to the court and in a statement made at the sentencing hearing. The district court found, however, that even though Vargas was contrite and regretful, her contrition was directed toward the situation in which she found herself and her family. The court concluded that Vargas had not acknowledged responsibility for the conduct for which she was convicted.
 
 
 12
 Despite her guilty plea in state court, Vargas denied her guilt in federal court. In fact, she testified that had not admitted responsibility in state court but rather pleaded guilty to take advantage of a deal. Furthermore, even though she admitted to the probation officer that she was involved, the presentence report indicated that "she nonetheless attempted to rationalize her actions and even placed part of the blame on the victim." Moreover, Vargas's apology to the court focused solely on the suffering the case had caused her family. She promised the court that "these types of actions will never occur again because all I have suffered--not just me, but my children, and my granddaughter, and my family." At no point did she express remorse or contrition for her treatment of Hernandez-Ortiz. We therefore conclude that the district court did not clearly err by denying Vargas's request for a reduction for acceptance of responsibility.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3