NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICKY ALLEN LEE and PAUL VERNON RIGSBY, individually and on behalf of all others similarly situated, | No. 14-35186 |
| | D.C. No. 2:10-cv-00618-JCC |
| Plaintiffs-Appellees, | |
| v. | MEMORANDUM* |
| ITT CORPORATION, an Indiana corporation and ITT FEDERAL SERVICES INTERNATIONAL CORPORATION, a Delaware corporation, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted August 31, 2016
Seattle, Washington

Before: HAWKINS, McKEOWN, and DAVIS,** Circuit Judges.

ITT Corporation and ITT Federal Services International Corporation

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Andre M. Davis, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

(collectively, "ITT") appeal the class certification order in this employment

dispute. We have jurisdiction under 28 U.S.C. § 1292(e). "We review a district

court's class certification order for abuse of discretion, and any error of law on

which a certification order rests is deemed a per se abuse of discretion." *Conn.*

*Ret. Plans & Trust Funds v. Amgen Inc.*, 660 F.3d 1170, 1174–75 (9th Cir. 2011)

(citation omitted). All questions of law, including questions of foreign law, are

reviewed de novo. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468,

1473 (9th Cir. 1992).

Under Kuwaiti law, an employee has one year from the end of a work

contract to file a lawsuit. *See* Private Sector Labour Law No. 38 of 1964, art. 96;

The Law of Labor in the Private Sector No. 6 of 2010, art. 144. The parties dispute

whether this time bar functions as a statute of limitations or a statute of repose.

"Although there is substantial overlap between the policies of the two types of

statute, each has a distinct purpose and each is targeted at a different actor." *CTS*

*Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014). Statutes of limitations target

plaintiffs and focus principally on encouraging diligent prosecution of claims. *Id.*

Statutes of repose, by contrast, are not mainly "concerned with the plaintiff's

diligence," but rather "with the defendant's peace." *Underwood Cotton Co. v.*

2

*Hyundai Merch. Marine (Am.), Inc.*, 288 F.3d 405, 409 (9th Cir. 2002) (citing *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1084 (9th Cir. 2001)).

ITT argues that Kuwait's time bar must be a statute of repose because it starts running at the end of an employee's work contract, not when an employee's claim accrues. Although this may suggest superficially that the time bar functions as a statute of repose, there is no evidence that Kuwait sought to grant employers a substantive right to be free from liability after only one year. *See CTS Corp.*, 134 S. Ct. at 2183. Nor does the Kuwaiti time bar seek to "take away" or "destroy" employees' rights. *See Underwood Cotton Co.*, 288 F.3d at 408–09. To the contrary, its purpose is "to protect the rights of the workers and to ensure that they get their rights." We thus conclude that the Kuwaiti time bar here should be treated as a statute of limitations.

We apply the tolling principles of *American Pipe & Construction Company v. Utah* to determine if the class claims had expired by the time certification was granted. In *American Pipe*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class." 414 U.S. 538, 554 (1974). As a result of *American Pipe*'s tolling rule, "[o]nce the statute of limitations has been tolled, it remains tolled for

all members of the putative class until class certification is denied." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983). In other words, "[t]he statute begins running anew from the date of notice that certification has been denied." *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) (citing *Crown*, 462 U.S. at 354).

ITT's counsel claimed at oral argument that, if the Kuwaiti time bar functions as a statute of limitations, applying *American Pipe* tolling would mean the statute ran for 366 days—that is, one day more than the one-year time bar. To assess this claim, we must briefly wade through the procedural morass to discern which events made the statute run and toll.

The statute was tolled for all members of the putative class until the district court provisionally denied certification on June 24, 2011, and ITT implicitly conceded at oral argument that the statute resumed tolling when the district court first granted certification on February 10, 2012. That period spans 231 days.

ITT then argues that the statute began to run anew on July 24, 2013, as soon as the Ninth Circuit issued its memorandum disposition vacating the certification order, even though the mandate in that appeal did not issue until August 19, 2013, and the district court did not lift its stay until August 27, 2013. Regardless of

4

which of those dates provides the right benchmark, ITT implicitly conceded that the statute tolled once again when the district court granted the third motion for class certification on December 6, 2013. But that benchmark is important—ITT's calculation of 366 days is correct only if the statute began running anew upon issuance of the memorandum disposition.

We conclude that the statute resumed running no earlier than when the mandate issued. Up until that point, the vacatur was not final and the parties' obligations were not fixed. *See* Fed. R. App. P. 41 advisory committee's note to 1998 amendment ("A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed."); *cf. United States v. Ross*, 654 F.2d 612, 616 (9th Cir. 1981) (finding that the clock begins to run on "the date of the Ninth Circuit mandate," not "the date of the filing of the Ninth Circuit decision," when calculating timeliness under § 3161(e) of the Speedy Trial Act). Thus, at most the statute resumed running upon the mandate's issuance on August 19, 2013, and tolled again upon the second grant of certification on December 6, 2013. That period spans 109 days.

In all, then, the statute ran for no more than 340 days following the initial

denial of class certification in June 2011.[1]  Because Kuwaiti law gives an employee one year to bring suit, the class claims were not untimely when the district court issued its certification order in December 2013.

**AFFIRMED.**

---

[1] We need not decide whether it was the filing or the granting of the renewed motions for class certification that triggered tolling to resume.  Nor need we decide definitively whether the statute began to run anew upon our issuance of the mandate or the district court's lifting of its stay.