**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Elliott VAN BRANDY, Gardie Shine, and Charles Patterson, Defendants-Appellants.**

**Nos. 83–5082 to 83–5084.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1983.

Decided Feb. 22, 1984.

See also, D.C., 563 F.Supp. 438.

Mitchell D. Dembin, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Paul H. Duvall, Jenkins & Perry, Frank M. Murphy, III, Judy Clarke, San Diego, Cal., for defendants-appellants.

Before BROWNING and NORRIS, Circuit Judges, and SCHNACKE, District Judge.*

SCHNACKE, District Judge:

(1) *Introduction:* Van Brandy and Shine each appeals from a judgment convicting him of conspiracy to commit robbery and of attempted bank robbery. Patterson appeals from a judgment convicting him of aiding and abetting attempted bank robbery. The three judgments were entered after a jury trial. Appellants have, between them presented three contentions on appeal: (a) that their trial was not commenced within the maximum time allowable under the Speedy Trial Act (all three appellants raise this issue); (b) that the trial court erred in not compelling the government to produce an informant file maintained by the Federal Bureau of Investigation (only Van Brandy and Patterson raise this issue); and (c) that Patterson's conviction for aiding and abetting attempted bank robbery was fatally inconsistent with his acquittal on a conspiracy to commit bank robbery charge (Patterson's contention alone). None of these contentions is meritorious.

(2) *Speedy Trial Act:* The Speedy Trial Act [18 U.S.C. §§ 3161 et seq., hereinafter "Act" or "§ 3161"] requires that the trial of a defendant shall commence within 70 days from the filing of the indictment [§ 3161(c)(1)], unless expanded by the addition of "excludable time" [§ 3161(h)].

Appellants claim that, even allowing for excludable time, the appellants were not brought to trial within the 70-day period. The government contends that the total excludable time brings the December 14, 1982 trial date within the 70-day period.

All parties are agreed that the speedy trial clock began to run on August 26, 1982, the day after the filing of the indictments in this case, and that by December 6, 1982—the day appellants moved to dismiss the indictment for violation of the Act—103 days had passed. By December 14, the trial date, 111 days had passed. It is undisputed that the 30 days between October 7 and November 5 (inclusive) are excludable, and that the 5 days between December 6 and 10 (inclusive) are excludable due to delay resulting from consideration of defendants' speedy trial motions [see *United States v. Bolden,* 700 F.2d 102, 103 (2nd Cir.1983)]. Subtracting these 35 days from the 111-day total gives the result that the December 14 trial date was 76 days from the indictment, 6 days after the speedy trial deadline, unless other time was excludable.

The trial judge determined that the time from November 1, when appellant Patterson renewed a previously withdrawn motion to suppress, until December 14, when the motion was decided, was excludable by virtue of § 3161(h)(1)(F) which reads:

(h) The following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

Appellants concede that the motion was pending during the period November 1 to

---

* The Honorable Robert H. Schnacke, United States District Judge for the Northern District of California sitting by designation.

December 14, but contend that, because the trial judge deferred hearing and ruling on the motion until time of trial, no "delay" resulted from the pendency of the motion.

This contention has been rejected in each circuit in which it has been raised. In *United States v. Cobb,* 697 F.2d 38, 43–46 (2nd Cir.1982), after an exhaustive analysis of the excludable time provisions of the Speedy Trial Act, their purpose and legislative history, the Court concluded, at page 46:

> "We reject [an] . . . analysis which would require that to be excludable under (F) a particular pretrial motion must have caused an actual delay in the commencement of the trial. We accept, instead, the government's view that a pretrial motion triggers an automatic exclusion, with the qualification, however, that the amount of time eligible for exclusion may not be extended by postponing the hearing date or other disposition of the motion beyond what is reasonably necessary for processing the motion."

There is no suggestion here that the hearing date, continued with the consent of all parties, was unreasonably delayed.

The Eleventh and the Eighth Circuits are in accord. [*United States v. Stafford,* 697 F.2d 1368, 1371 (11th Cir.1983); *United States v. Brim,* 630 F.2d 1307, 1312–1313 (8th Cir.1980)].

■ While only Patterson had a motion pending during the critical period, any delay attributable to him is equally attributable to all co-defendants [18 U.S.C. § 3161(h)(7); *United States v. Davis,* 679 F.2d 845, 849–50 (11th Cir.1982)].

The trial judge correctly decided that trial commenced within the maximum time allowable under the Speedy Trial Act.

(3) *Non-disclosure of Informant File:* Appellants Van Brandy and Patterson claim that the government violated their due process rights by not releasing *"Brady"* evidence favorable to them and material to their guilt or punishment [citing *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–1197, 10 L.Ed.2d 215 (1963)]. The

evidence sought was the FBI's file on Blevins, an informant, which, it was claimed, "may contain exculpatory facts such as whether the government promised Blevins immunity from future prosecution for his information". The government gave appellants summaries of the information contained in informant's file, but appellants claim that even the FBI agent in charge of the summaries admitted these summaries were not complete. Appellants contend that this information was material in that it "might have affected the outcome of the trial" [*United States v. Agurs,* 427 U.S. 97, 104, 96 S.Ct. 2392, 2398, 49 L.Ed.2d 342 (1976)].

■ The *Brady* right to access to evidence, favorable to a defendant, and in the prosecution's possession, does not extend to an unfettered access to the files. In order to prove a violation of constitutional due process, defendant must make a showing that: (a) the non-disclosed evidence is material, (b) its content is favorable to defendant, and (c) that such exculpatory evidence has not been included in any report provided to the defendant [*United States v. Griffin,* 659 F.2d 932, 939 (9th Cir.1981)].

■ Here, appellants' showing of materiality and favorable content is marginal. Furthermore, the government did disclose to appellants: (a) the prior convictions of informant; (b) payments by the FBI of $4480 to the informant; (c) confessions of the informant to various armed robberies for which he has yet to be tried; (d) grand jury indictments on two counts of armed robbery in Louisiana; and (e) that the government had made no promises to or deals with informant regarding charges in "c" and "d" above. All of this was explored on Blevins' cross-examination before the court, as were Blevins' admissions of drug usage and statements about prison terms served for convictions of crimes in "a" above. In light of these disclosures, it cannot be said that the "non-disclosed evidence creates a reasonable doubt that otherwise failed to exist" [*Griffin, supra*].

The government, where doubt exists as to the usefulness of evidence, should resolve such doubts in favor of full disclosure [*Agurs, supra*], but its failure to do so must raise a reasonable possibility that it materially affected the verdict before it becomes significant [*United States v. Goldberg*, 582 F.2d 483, 489 (9th Cir.1978)]. This is not here the case. Blevins, the informant, was exhaustively cross-examined; his creditability was thoroughly questioned. Furthermore, the evidence, independent of the informant's information, was very strong against each defendant.

In the circumstances, the trial court did not err in refusing to compel the production of the entire file relating to the informant.

(4) *Inconsistent Verdicts:* Appellant Patterson contends that his conviction for aiding and abetting a bank robbery was fatally inconsistent with his simultaneous acquittal for conspiracy to commit bank robbery. This contention is unfounded.

It has long been settled that aiding and abetting on the one hand, and conspiracy on the other, are two separate offenses [*United States v. Tierney*, 424 F.2d 643, 645 (9th Cir.1970)]. In order to convict a defendant of the former, it is not necessary to find an agreement to do the act [*Id.* at 646]. It is entirely possible that the jury did not find a level of participation on Patterson's part sufficient to establish that he agreed to rob the bank. In the cases cited by appellant [e.g., *Cosgrove v. United States*, 224 F.2d 146 (9th Cir.1954)], the inconsistent conviction was dismissed only because the one crime was impossible without the commission of the other. That is not here the case.

More fundamentally, it is a long established principle of law that mere inconsistency of verdicts does not require reversal unless there is insufficient evidence to sustain the guilty verdict [*United States v. Brooklier*, 685 F.2d 1208, 1220 (9th Cir. 1982); citing *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932)]. Here, the verdict was amply supported by evidence, as indicated in the discussion under "3" above.

Finally, the most that can be said in cases of inconsistent verdicts is that the jury did not speak its real conclusions, either as to the acquittal or the conviction [*Dunn, supra*]. Such verdicts may be the result of compassion or, more generally, of the jury selecting the verdict which most closely fits the crime.

The judgments of conviction are affirmed.