**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dennis Ronald ROSS,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard Alan REICHARD,**
**Defendant-Appellant.**

**Nos. 80–1714, 80–1715.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1981.

Decided Aug. 27, 1981.

Rehearing and Rehearing En Banc
Denied Oct. 16, 1981.

John Ransom, Ransom, Rogers & Blackman, Portland, Or., for Ross.

Michael R. Shinn, Portland, Or., for Reichard.

Kenneth Bauman, Asst. U. S. Atty., Portland, Or., for United States.

Before GOODWIN and ALARCON, Circuit Judges, and SCHWARZER *, District Judge.

GOODWIN, Circuit Judge.

Appellants challenge their convictions for attempted extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. The appellants were earlier convicted of attempted bank robbery and conspiracy to commit bank robbery, but these convictions were reversed for having been obtained under the wrong statute. This appeal contends that the second trial and indictment violated the double jeopardy clause of the Fifth Amendment. The appellants also argue that the district court did not have jurisdiction to try the attempted extortion charge. Their last argument is that the second trial violated the Speedy Trial Act.

We affirm the convictions.

I. *The Facts*

In 1979 Ross and Reichard decided to hold as hostages the child and wife of a bank officer. They intended to call the bank

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

officer from his home and tell him to leave $150,000 in a certain cemetery. Ross had recruited another individual to help in the scheme. This individual informed the FBI of the extortion plan. As a result, Ross and Reichard were arrested on the doorstep of the bank officer's home. They had not yet contacted the bank officer, but had called his wife earlier to ascertain whether she was home and had left instructions to the cemetery in the bank officer's car.

Ross and Reichard were brought to trial in November 1979. They were convicted of attempted bank robbery and conspiracy to commit bank robbery. Their convictions were reversed in June 1980 because they had been improperly charged.[1] On July 8, 1980, the grand jury returned a "superseding indictment" charging attempted extortion in violation of the Hobbs Act.[2] Approximately one week later, on July 18, 1980, the Ninth Circuit's mandate[3] in the bank robbery case was filed. Ross and Reichard were returned from their respective prisons for trial in August 1980. The trial began the week of September 22, 1980. Judgment was entered in October.

## II.  *The Double Jeopardy Claim*

The appellants argue that the attempted extortion trial violated the double jeopardy clause because they had already been tried and convicted for the same actions. This argument is without merit.

As the parties acknowledge, the proper test of double jeopardy is the "same offense" test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).[4] This circuit recently had occasion to apply the *Blockburger* test to the exact offenses involved in this case. *See United States v. Snell,* 592 F.2d 1083 (9th Cir.), *cert. denied,* 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979). Snell was convicted of attempted extortion in violation of the Hobbs Act and conspiracy to rob a bank in violation of 18 U.S.C. §§ 371 and 2113. At his second trial, Snell was convicted of attempted bank robbery in violation of 18 U.S.C. § 371. This court found no double jeopardy violation because the facts required to establish attempted extortion are different from the facts required to prove attempted bank robbery. *Id.* at 1085.

Because attempted extortion is not the "same offense" as either attempted bank robbery or conspiracy[5] we reject the appellants' double jeopardy claim.

## III.  *The Jurisdiction Claim*

The appellants next argue that the grand jury and the district court lacked jurisdiction over the second indictment and trial, respectively. They point out that the indictment was returned before the Ninth Circuit issued its mandate. Appellants con-

---

1. The cases were reversed because the wrong crimes were charged. *See United States v. Ross,* 624 F.2d 195 (9th Cir. 1980) and *United States v. Reichard,* 624 F.2d 195 (9th Cir. 1980).

2. The grand jury indictment also charged Ross and Reichard with violation of 18 U.S.C. § 1951 (conspiracy to violate the Hobbs Act), and 18 U.S.C. § 924(d) (carrying a firearm during the commission of a felony). These charges were dismissed on motion of the government.

3. *See generally* Fed.R.App.P. 41.

4. The *Blockburger* test provides:
   "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not... 'A single act may be an offense against two statutes; and if each

statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' ..." (Citations omitted.) *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

5. *United States v. Snell,* 592 F.2d 1083 (9th Cir.), *cert. denied,* 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979), teaches us that attempted bank robbery is not the same offense as either attempted extortion or conspiracy to commit robbery. Thus, in the instant case we know that the second conviction (for attempted extortion) did not involve the same offense as the attempted bank robbery. We are also satisfied that conspiracy and attempted extortion are not the same offense. The two crimes require proof of a different set of facts.

tend that because the district court lost its jurisdiction over the first action once the appeal was filed and did not regain it until the mandate was issued, the district court did not have jurisdiction of the second action. This argument is without merit.

■ As noted above, attempted extortion does not charge the same offense as attempted bank robbery. Therefore, despite the attempted bank robbery indictment and trial, the government was free to seek an indictment for attempted extortion. Although the July indictment was labeled "superseding," it was in effect a new indictment. *See United States v. Snell*, 627 F.2d 186, 188 (9th Cir. 1980), *cert. denied*, 450 U.S. 957, 101 S.Ct. 1416, 67 L.Ed.2d 382 (1981). Therefore, the grand jury and district court had jurisdiction.

### IV. *The Speedy Trial Claim*

Ross and Reichard also argue that their convictions should be reversed because the government violated the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* Appellants made timely motions to dismiss their indictments on this ground at trial. The trial court denied the motions. The government and the appellants both agree that it is not clear which provision of the Speedy Trial Act applies. Both sides argue that they should prevail regardless of the section which applies.

The two provisions which might apply are 18 U.S.C. §§ 3161(c) and 3161(e). Section 3161(c) requires that a trial be commenced 70 days after an indictment is filed or after the defendant appears before a judicial officer of the court in which the charge is pending, whichever is later. Section (c) thus applies to new cases. Section 3161(e), on the other hand, applies to cases where the "defendant is to be tried again following an appeal or collateral attack . . . ." The retrial must commence 70 days from the date the action which orders the retrial becomes final. The court may extend that period to 180 days.

The choice of which section to apply is not a clear one. Both sections appear to be reasonable. The legislative history does not

provide an easy solution. *See generally*, A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974*, pp. 46–85 (Fed. Judicial Center 1980). Because we need not resolve this question in this case, we reserve it for another day.

■ If 18 U.S.C. § 3161(c)(1)—the new case provision—applies, no speedy trial violation occurred. That section provides:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs . . . ."

Ross and Reichard were indicted for extortion in July 1980. They first appeared before a judicial officer for the extortion charges in August 1980. The time begins running from the later of these dates. Because the September trial occurred less than 70 days after the August appearances, the trial was not untimely under 18 U.S.C. § 3161(c)(1).

Ross and Reichard argue that the "appearance before a judicial officer" language should be construed to refer to their first appearance in Oregon (on the bank robbery charges). This argument is *not convincing*. If the extortion trial is treated as a new case under § 3161(c)(1), the defendants did not appear before a judicial officer on *those charges* until August 1980. Thus, under § 3161(c)(1) the second trial was timely.

If § 3161(e) applies, the trial was also timely. Section (e) requires:

> "If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes fi-

nal if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical. . . . "

In this case, if the "date the action occasioning the retrial becomes final" is considered to be the date of the Ninth Circuit mandate in the bank robbery case, the extortion trial was timely. If the "date the action occasioning the retrial becomes final" is the date of the filing of the Ninth Circuit decision reversing the bank robbery convictions, the extortion trial was untimely.

■ We conclude that the date the action occasioning the retrial became final is the day the mandate was issued. Until the mandate is issued, a case is not closed. The parties may petition the court for a rehearing. The court may decide to rehear the case en banc. *See Sethy v. Alameda Cty. Water Dist.*, 602 F.2d 894, 897 (9th Cir. 1979), *cert. denied*, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980) (holding a request for attorneys' fees timely where the mandate had not issued because "this court retained control of the judgment until the mandate issued"); *see also* Fed.R.App.P. 40 and 41. Moreover, when a conviction is reversed and the action remanded, the district court does not regain jurisdiction of the action until the mandate is issued. Thus, we hold that for purposes of 18 U.S.C. § 3161(e) the date the action occasioning the retrial becomes final is the date the mandate issued.

Therefore, whether 18 U.S.C. § 3161(c)(1) or § 3161(e) applies, there was no violation of the Speedy Trial Act.

Accordingly, the convictions are affirmed.