UNITED STATES of America,
Plaintiff-Appellee,

v.

John E. CROOKS, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph R. LAIRD, Jr.,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

John E. CROOKS and Joseph R. Laird,
Defendants-Appellants.

Nos. 84–5165, 84–5166, 84–5174, 84–5182.

United States Court of Appeals,
Ninth Circuit.

Aug. 26, 1987.

John E. Crooks, Panorama City, Cal., and Joseph R. Laird, Sherman Oaks, Cal., for defendants-appellants.

Bruce G. Merritt, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CANBY, REINHARDT and NOONAN, Circuit Judges.

ON PETITIONS FOR REHEARING

CANBY, Circuit Judge:

Defendants Crooks and Laird both petition for rehearing of our decision affirming their convictions, *United States v. Crooks*, 804 F.2d 1441 (9th Cir.1986). In rejecting their petitions, we find it necessary to modify the analysis of the Speedy Trial Act that we adopted in our prior opinion.

The issue we dealt with was how to measure the period of excludable delay

that § 3161(h)(1)(E) specifies for an interlocutory appeal. 18 U.S.C. § 3161(h)(1)(E). The question was when the excludable period ended. We applied § 3161(e) by analogy; that section applies to *re* trials, and requires that retrial "commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 1361(e). We accordingly held that the period of excludable delay caused by an interlocutory appeal ended when the action occasioning further proceedings after the interlocutory appeal became final. We then held, and this is the point we must modify, that the action occasioning retrial became final when our mandate was received by the district court.

■ Petitioner Crooks points out that our ruling was inconsistent with our decision in *United States v. Ross*, 654 F.2d 612 (9th Cir.1981), *cert. denied*, 454 U.S. 1090, 102 S.Ct. 654, 70 L.Ed.2d 628 (1981) and 455 U.S. 926, 102 S.Ct. 1290, 71 L.Ed.2d 470 (1982). In *Ross*, we held that for an appeal "the date the action occasioning retrial became final is the day the mandate was issued." *Id.* at 616. We agree that *Ross* should control, and that the period of excludable delay in petitioners' cases ended with the issuance of our mandate on February 10, 1984, and not with its receipt by the district court on February 14, 1984, as we previously ruled.

■ This modification requires us to address the government's earlier contention, which we found no need to resolve, that other excludable periods of delay rendered defendants' trial timely under the Act. *See United States v. Crooks*, 804 F.2d 1441, 1446 n. 4 (9th Cir.1986). We need deal with only one period of excludable delay offered by the government. The government submitted a "request" for a redacted indictment on April 16, 1984, which was not ruled upon by the court until April 25. The request qualifies as a motion under § 3161(h)(1)(F); it was extensively argued and decided as such.[1] Its pendency results in the exclusion of ten days [2], rendering the defendants' trial timely as having commenced on the sixty-fifth day after the action causing trial became final.[3]

Petitioner Crooks contends that no time should be excluded as "delay resulting from" the government's request, 18 U.S.C. § 3161(h)(1)(F), because the trial date had already been set and the motion or proceeding actually caused no delay. We rejected that contention in *United States v. Van Brandy*, 726 F.2d 548 (9th Cir.), *cert. denied*, 469 U.S. 839, 105 S.Ct. 139, 83 L.Ed.2d 79 (1984), and noted that every other circuit where it had been raised had similarly rejected it. *Id.* at 551. The ten days is therefore properly excluded.

Finding no other points of merit raised by the petitions, the panel has voted to deny both petitions for rehearing. The full court has been advised of the panel's vote, of the suggestions for rehearing en banc, and of this opinion, and no judge has called for a vote to take the cases en banc.

The petitions for rehearing are denied, and the suggestions for rehearing en banc are rejected.

REHEARING AND REHEARING EN BANC DENIED.

---

1. The ruling on the request for redacted indictment was intertwined with the government's motion in limine, directed at avoiding any reference to a previous trial.

2. In our previous opinion, we had already excluded April 23 and 24 because of the pendency of other motions. *Crooks*, 804 F.2d at 1446.

3. The trial court at one point indicated that it would have been willing to rule the necessary time to the date of trial excludable because of the complexity of the case, see 18 U.S.C. § 3161(h)(8)(A), (B)(ii), but believed it unnecessary because it was counting time from the spreading of this court's mandate in the district court on February 24, 1984. *See Crooks*, 804 F.2d at 1445.