990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon SILVERMAN, a/k/a Lee Lawrence, Defendant-Appellant.
 No. 92-50466.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided April 12, 1993.
 
 Before CHOY, GOODWIN and SKOPIL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Silverman appeals his conviction for five counts of filing false income tax returns in violation of 26 U.S.C. § 7206(1) (1988). He argues that the evidence is insufficient to show that he willfully signed his tax returns knowing them to be false. We reject that contention, and we affirm.
 
 
 3
 To prove a violation under section 7206(1), the government must show that the defendant acted willfully, with knowledge that the tax returns were not correct in material respects. United States v. Crooks, 804 F.2d 1441, 1448 (9th Cir.1986), modified on other grounds, 826 F.2d 4 (9th Cir.1987). The defendant's signature on the tax return is sufficient to establish knowledge once it has been shown that the return was false. Id. The government may base its proof of willfulness on circumstantial evidence indicating the defendant knew or must have known that his returns were false. United States v. Claiborne, 765 F.2d 784, 798 (9th Cir.1985), cert. denied, 475 U.S. 1120 (1986).
 
 
 4
 Silverman was mailed yearly W-2 and 1099 forms by his employer that showed his income to be greater than that reported on his returns. In 1984, he provided copies of his W-2 and 1099 tax forms for 1981, 1982, and 1983 to a bank to support his claim of income higher than that shown on his tax returns in support of a loan application. On loan applications filed between 1983 and 1985, Silverman reported his income to be well over the amount reported on his tax returns and approximately his actual income. We conclude that a rational trier of fact, viewing the evidence in the light most favorable to the government, could reasonably have concluded that Silverman was guilty beyond a reasonable doubt of knowingly and willingly violating section 7206(1).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3