**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

BRANDEN PETE,
            *Defendant-Appellant.*

No. 06-10390

D.C. No.
CR-03-00335-4-
RCB

OPINION

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, District Judge, Presiding

Argued and Submitted
September 24, 2007—San Francisco, California

Filed May 8, 2008

Before: John R. Gibson,* Marsha S. Berzon, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Berzon

*The Honorable John R. Gibson, Senior United States Circuit Judge for
the Eighth Circuit, sitting by designation.

5041

**COUNSEL**

Thomas M. Hoidal, The Law Office of Thomas M. Hoidal, P.L.C., Phoenix, Arizona, for the defendant-appellant.

Vincent Q. Kirby, Assistant United States Attorney, Phoenix, Arizona; Daniel G. Knauss, United States Attorney, District of Arizona; John Boyle, Deputy Appellate Chief, District of Arizona; for the plaintiff-appellee.

**OPINION**

BERZON, Circuit Judge:

Branden Pete was convicted, after a jury trial, of second degree murder on an Indian reservation, two counts of felony murder, and conspiracy to commit murder. Pete was sentenced to four concurrent terms of life imprisonment. He contends that the Speedy Trial Act ("the STA" or "the Act"), 18 U.S.C. § 3161 *et seq*., was violated and the indictment against him should therefore have been dismissed. We do not agree, and so affirm.[1]

**I.**

Pete was arrested on tribal charges on August 23, 2002.[2] On

---

[1]Pete raised a number of other contentions on appeal, which are addressed in a separate memorandum disposition filed contemporaneously with this opinion.

[2]We recount the dates in exacting detail, as they are critical to the STA issue.

March 7, 2003, the federal government filed a juvenile information against Pete; he was transferred from tribal to federal custody on March 10, 2003.

On March 21, 2003, the government filed a motion to proceed against Pete as an adult. Before the government's motion was heard, Pete sought, on April 24, 2003, to dismiss the juvenile information for violation of the speedy trial provision of the Juvenile Delinquency Act ("JDA"), 18 U.S.C. § 5036, arguing that he was not brought to trial within thirty days after he was detained. On October 29, 2003, the government's motion to proceed against Pete as an adult was granted and Pete's motion to dismiss under the JDA denied.

Pete thereupon filed a notice of interlocutory appeal on November 3, 2003. This court affirmed the district court's decision to treat Pete as an adult on October 13, 2004. We also determined that we did not have jurisdiction in the interlocutory appeal to hear Pete's speedy trial challenge under the JDA. *See United States v. Brandon P.*, 387 F.3d 969, 972-74 (9th Cir. 2004). On November 17, 2004, Pete filed a petition for panel rehearing and a petition for rehearing en banc, which we denied on December 13, 2004. The mandate issued in *Brandon P.* on December 21, 2004.

Pete's Motion to Recall the Mandate pending the filing of a petition for a writ of certiorari in the Supreme Court, filed on December 23, 2004, was denied on January 27, 2005. Pete next filed a petition for a writ of certiorari to the Supreme Court on March 10, 2005; it was denied on June 20, 2005.

Meanwhile, on March 30, 2005, the government returned an indictment charging Pete as an adult. Pete filed a motion to dismiss the indictment on April 20, 2005, arguing that the government violated the STA because the mandate for Pete's interlocutory appeal issued on Dec 21, 2004, but the indictment was not filed until March 30, 2005, violating the STA's requirement that an indictment be filed within thirty days

from the date of Pete's arrest (absent excludable time, discussed *infra*). *See* 18 U.S.C. § 3161(b).

On June 28, 2005, soon after the Supreme Court denied certiorari with respect to Pete's interlocutory appeal, the district court denied Pete's motion, holding that "[t]he entire delay caused by the interlocutory appeal was excludable [from the STA's thirty day filing requirement], including up until the Supreme Court denied the cert petition on June 20, 2005." After trial, the jury found Pete guilty of the lesser included offense of second degree murder on count 1 and guilty of the remaining counts in the indictment. The district court sentenced Pete to four concurrent sentences of life imprisonment. This timely appeal followed.

## II.

**[1]** Pete contends that the district court erred by denying his motion to dismiss the indictment, arguing that the government violated the STA, 18 U.S.C. § 3161 *et seq.*[3] Under 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Section 3161(h) excludes certain periods of time from the time calculation under § 3161(b), stating:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to — . . . (E) delay resulting from any

---

[3]The district court's application of the STA is reviewed *de novo*, and its factual findings are reviewed for clear error. *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998).

interlocutory appeal; (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. . . .

18 U.S.C. § 3161(h). Failure to comply with 18 U.S.C. § 3161(b) results in the dismissal of the complaint against the defendant. *See* 18 U.S.C. § 3162(a)(1).

**[2]** Pete's STA clock did not begin running when the federal juvenile information was filed against him or when he was taken into federal custody. At those times, Pete was detained as an alleged juvenile delinquent and was subject to the speedy trial provision of the JDA. *See* 18 U.S.C. § 5036. Pete was not held in federal custody as an adult until October 29, 2003, when the district court granted the government's motion to proceed against Pete as an adult.[4] Although Pete's STA clock began running on October 29,[5] 2003, it stopped on

---

[4]Even if Pete's STA clock had begun running on March 10, 2003, when Pete was taken into federal custody, the STA clock would have stopped running on March 21, 2003, when the government filed its motion to proceed against Pete as an adult. *See* 18 U.S.C. § 3161(h)(1)(F). Thus, regardless of whether Pete's STA clock began running on March 10, 2003, when he was taken into federal custody, or on October 29, 2003, when the district court granted the government's motion to proceed against Pete as an adult, the difference for STA purposes would be a total of eleven nonexcludable days, which, on its own, is legally insufficient to trigger a violation of the STA.

[5]A pretrial motion creates excludable time under § 3161(h)(1)(F). Absent an alternative basis for excluding time under the STA, a district court's order on such a pretrial motion ends the period of excludable time and causes a defendant's STA clock to resume running, or in this case, begin running. Even though a party may file an interlocutory appeal challenging certain district court orders, the time between the district court's order and the filing of an interlocutory appeal is not excludable. Thus, the ten day period within which a defendant may file a notice of appeal, *see* F.R.A.P. 4(b)(1)(a), is not excludable from the STA clock calculation unless there is an intervening excludable event, such as a separate pretrial motion or an interlocutory appeal. *See United States v. Long*, 900 F.2d

November 3, 2003, when Pete filed notice of his interlocutory appeal. *See* 18 U.S.C. § 3161(h)(1)(E). Pete's STA clock remained stopped until at least December 21, 2004, when this court's mandate issued, affirming the district court's decision to transfer Pete from juvenile to adult status.[6]

The dispositive questions raised here are whether the pre-indictment time during which Pete's certiorari petition to the Supreme Court was pending is excludable (March 10, 2005 through March 30, 2005[7]), and if so, whether the time after

---

1270, 1276 (8th Cir. 1990) (stating that "[t]he excludable period under [section 3161(h)(1)(E)] commences with the filing of the appeal," and including the period between the district court's order and the filing of the government's interlocutory appeal in its STA calculation); *United States v. Pelfrey*, 822 F.2d 628, 635 (6th Cir. 1987) (counting the time following the district court's order resolving pretrial motions, but prior to the filing of an interlocutory appeal, as includable); *United States v. Rush*, 738 F.2d 497, 508-09 (1st Cir. 1984) (same).

We note that this circuit has not had occasion directly to rule on this issue before, although we have suggested the same answer reached by other circuits. In *United States v. Crooks*, we stated that "the action occasioning the new trial" under § 3161(e), which begins the seventy day period under the STA, was the district court's order, not the expiration of time in which a party may file a notice of appeal following the district court's order. 804 F.2d 1441, 1445 (9th Cir. 1986) ("*Crooks I*") , *modified by United States v. Crooks*, 826 F.2d 4, 5 (9th Cir. 1987) ("*Crooks II*"). *Crooks* did not have to decide the issue, however, because the notice of appeal was filed the same day as the district court's order. *Id.* We decide the question now because, as will appear, it is relevant to our later analysis of the time excludable for petitions for writ of certiorari.

[6]The government contends that the speedy trial clock did not begin running under § 3161(b) because Pete "was never arrested as an adult or charged by complaint prior to his indictment." We do not address this argument, as we conclude that there was no STA violation even if we assume the clock began to run on October 29, 2003.

[7]The petition for certiorari was not denied until June 20, 2005. The indictment, however, was filed on March 30, 2005, and we are concerned with pre-indictment delay; that is why we consider the excluded period as ending on March 30, 2005. No reason appears, however, why the entire period the petition for certiorari was pending would not have been excludable had the indictment not been filed in the midst of that period.

the mandate issued but before the certiorari petition was filed is also excludable (December 21, 2004 through March 10, 2005).

## 1. Excludability of the certiorari petition period

### A.

**[3]** This court has never decided whether the time during which a certiorari petition from a court of appeals decision in an interlocutory appeal is pending is excludable from the STA's timing requirements. We now hold that such time is excludable under § 3161(h)(1)(E) of the STA.

As an initial matter, a certiorari petition undoubtedly comes within § 3161(h)(1)'s catchall language, which excludes time for "other proceedings concerning the defendant." *Cf. United States v. Davenport*, 935 F.2d 1223, 1233 (11th Cir. 1991) ("We hold that the petition for writ of habeas corpus in this case seeking dismissal of the indictment for violation of the Speedy Trial Act is an 'other proceeding' analogous to an interlocutory appeal. We hold that the delay resulting therefrom is excluded from the petitioner's speedy trial clock under 18 U.S.C.A. § 3161(h)(1)(E)."); *United States v. Tyler*, 878 F.2d 753, 758-59 (3d Cir. 1989) (stating, with regard to a petition for a writ of mandamus, that "we perceive no principled basis upon which to distinguish this kind of interlocutory review with '*any* interlocutory appeal' expressly excluded under section 3161(h)(1)(E). The petition for writ of mandamus sought appellate review of a district court's order concerning a pretrial ruling rendered prior to final judgment. Accordingly, it was the functional equivalent of an interlocutory appeal[,]" and holding that the time during which the petition was pending was excludable as an analogous "other proceeding" under (h)(1)) (emphasis in original).

**[4]** More specifically, Pete's certiorari petition is included within subsection (h)(1)(E). Although a certiorari petition

does not trigger an "appeal,"[8] it is certainly part of the appellate process. Until a party files a certiorari petition or the time to do so expires, a party is entitled to seek review by the Supreme Court of an adverse appellate decision. Therefore, even though certiorari petitions are not explicitly included in § 3161(h)(1)(E), a certiorari petition following an interlocutory appeal is encompassed in § 3161(h)(1)(E)'s broad language as a " 'delay resulting from an[ ] interlocutory appeal.' " *See United States v. Gambino*, 784 F. Supp. 129, 138 (S.D.N.Y. 1992) (so holding) (quoting § 3161(h)(1)(E)); *cf. United States v. Lyon*, 588 F.2d 581, 582 (8th Cir. 1978) (excluding the time during which a certiorari petition was pending under what is now § 3161(h)(1)(D) of the STA, noting that "[i]t would have been impracticable to retry the instant case while appellate review of these issues was pending.").

**[5]** Here, interlocutory review of the district court's order was not final after this court's decision in *Brandon P.*, as Pete sought review of the appellate decision via his certiorari petition. Therefore, the time during which Pete's certiorari petition following his interlocutory appeal was pending is excludable under § 3161(h)(1)(E) from the calculation of the STA period for filing an indictment.

## B.

As previously noted, the STA excludes "[a]ny period of delay resulting from other proceedings concerning the defendant," including "delay resulting from any interlocutory appeal." 18 U.S.C. § 3161(h)(1)(E). If, as is often the case, the appellate mandate had been stayed while Pete sought certiorari from the Supreme Court,[9] applying the statute would be

---

[8]The Supreme Court has jurisdiction over certain cases on direct appeal. *See, e.g.*, 28 U.S.C. § 1253. In contrast, the Supreme Court has discretionary authority to review decisions by granting a petition for a writ of certiorari. *See* 28 U.S.C. § 1254(1).

[9]"A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served

fairly straightforward: The interlocutory appeal would still be pending until the mandate issued. *United States v. Crooks*, 826 F.2d 4, 5 (9th Cir. 1987) ("*Crooks II*") (citing *United States v. Ross*, 654 F.3d 612, 616 (9th Cir. 1981)). The twist in this case comes about because there was no timely motion to stay the mandate; this court did issue its mandate and then denied Pete's motion to recall the mandate. With the mandate in effect, the district court resumed jurisdiction over the case. *See United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000) ("Once a mandate issues, . . . jurisdiction over a criminal case *automatically* revests in the district court.") (emphasis in original). As a result, the government did not have to, and did not, wait until the Supreme Court denied Pete's certiorari petition before filing the indictment in the district court. Instead, the indictment was filed while Pete's certiorari petition was pending. We are left with a situation in which the putatively excludable period quite obviously did not preclude the government from proceeding to file the indictment, raising the question whether the delay in doing so "result[ed] from" the pendency of the certiorari petition.

**[6]** Whether the time period used in pursuing an interlocutory appeal is automatically excludable under § 3161(h)(1)(E), even if the appeal did not actually cause any delay, is an open issue in this court, but just barely so. Applying parallel "delay resulting from" language, we have held that pretrial motions, excludable under § 3161(h)(1)(F) of the STA, need not actually *cause* any delay for the time during

---

on all parties and must show that the certiorari petition would present a substantial question and that there is good cause for a stay." F.R.A.P. 41(d)(2)(A). *See also* 9th Cir. R. 41-1 (stating that a stay of the mandate pending petition to the Supreme Court "will not be granted as a matter of course, but will be denied if the Court determines that the petition for certiorari would be frivolous or filed merely for delay."); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528-1529 (9th Cir. 1989) ("Ordinarily, [ ] a party seeking a stay of the mandate following this court's judgment need not demonstrate that exceptional circumstances justify a stay.").

which the motions are pending to be excludable. *See United States v. Vo*, 413 F.3d 1010, 1015 (9th Cir. 2005) (holding that "a pretrial motion triggers an automatic exclusion [under § 3161(h)(1)(F)], even though no actual delay results") (quotation marks and internal citations omitted); *Crooks II*, 826 F.2d at 5 (holding that even though "the trial date had already been set and the motion or proceeding actually caused no delay" in the start of the trial, the period of pendency of the "motion or proceeding" was nonetheless excludable); *United States v. Van Brandy,* 726 F.2d 548, 551 (9th Cir. 1984) (" 'We reject [an] . . . analysis which would require that to be excludable under (F) a particular pretrial motion must have caused an actual delay in the commencement of the trial. We accept, instead, the government's view that a pretrial motion triggers an automatic exclusion[.]") (alterations in original) (quoting *United States v. Cobb*, 697 F.2d 38, 46 (2nd Cir. 1982)).[10] We can perceive no basis for treating the exclusion for interlocutory appeals under subsection (h)(1)(E) differently from the exclusion for pretrial motions contained in subsection (h)(1)(F), as both subsections contain identical "delay resulting from" language. *Cf. United States v. Gallardo*, 773 F.2d 1496, 1502 (9th Cir. 1985) (stating that "the fact that Congress chose to employ the same phrase in [§§ 3161(h)(1)-(6) and (8)] suggests that it intended them to be interpreted *uniformly").

*United States v. Clymer*, 25 F.3d 824 (9th Cir. 1994) is not to the contrary. *Clymer* dealt with a motion to dismiss that the district court continued, without deciding, until after trial. *Id.* at 830. The district court then set the trial schedule without any reference to the pending motion. *Id.* As *Clymer* itself observed and as we observed in a later case largely limiting *Clymer* to its facts, *see Vo*, 413 F.3d at 1014-15, the district court in *Clymer* in effect dismissed the pretrial motion and put

---

[10]*See also Vo*, 413 F.3d at 1015 n.2 (discussing decisions from other circuits holding that exclusions under § 3161(h)(1) are automatic without requiring a factual finding of causation).

off deciding the issue raised in that motion until after trial. *Clymer*, 25 F.3d at 830. Under these circumstances, we held the time during which the pretrial motion was pending was not excludable under § 3161(h)(1)(F). *Id*. The precise holding of *Clymer* does not apply here, either directly or by extension, because the certiorari petition had not been put off by the court in which it was pending, the Supreme Court, until after the relevant STA trigger date, here the filing of the indictment. *See Vo*, 413 F.3d at 1015 ("'[I]n the years since *Clymer* was decided, its holding has been limited to situations in which a motion is postponed until after trial.' ") (internal citations omitted) (quoting *United States v. Lewis*, 349 F.3d 1116, 1121 (9th Cir. 2003)).[11]

**[7]** We now hold that, like the exception under § 3161(h)(1)(F) for pretrial motions, the exclusion of time under § 3161(h)(1)(E) for an "interlocutory appeal" need not actually *cause* any delay to create excludable time; the exclusion is automatic.

We recognize that neither *Vo*, *Crooks II*, nor *Van Brandy* dealt with the time limit for the filing of the indictment specified in § 3161(b), which is at issue in this case. *Vo* and *Van Brandy* dealt with time limits under § 3161(c)(1), which provides that "the trial of a defendant charged in an information

---

[11]*Clymer* also observed, more broadly, that "[a]ccording to its plain terms, § 3161(h)(1)(F) applies only when the delay in bringing the case to trial is the *result* of the pendency of a pretrial motion. . . . In short, under the plain language of the statute, delay is excludable only when it in some way results from the pendency of the motion." *Id*. (emphasis in original). Judge Berzon agrees with this observation and, were the issue an open one in this court, would hold that there is no excludable time here for the period the petition for a writ of certiorari was pending. The indictment both could be and was filed during that period, demonstrating that no "delay result[ed] from" the pendency of the petition. Given the line of cases ending with *Vo*, however, Judge Berzon believes the question before us to be sufficiently controlled by precedent that a three-judge panel may not follow the logic of *Clymer* absent a similar factual context. (Judges Bea and Gibson do not join in this footnote.)

or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment." *Crooks* dealt with time limitations for a retrial after an interlocutory appeal, applying § 3161(e) "by analogy."[12] *See United States v. Crooks*, 804 F.2d 1441, 1445 (9th Cir. 1986) ("*Crooks I*"), *modified by Crooks II*, 826 F.2d at 5.

Here, unlike in *Vo*, *Crooks II*, or *Van Brandy*, the relevant time period is the one between Pete's arrest and his indictment, which is governed by § 3161(b). But the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e)),[13] and nothing in *Vo*, *Crooks II*, or *Van Brandy* suggests such a distinction.

[8] We therefore hold that the automatic exclusion of time for interlocutory appeals under § 3161(h)(1)(F) is applicable pre-indictment under § 3161(b). *Cf. United States v. Robinson*, 887 F.2d 651, 656 (6th Cir. 1989) (holding that the exclusion of time under § 3161(h)(1)(D)[14] from the thirty-day pre-indictment time limit under § 3161(b) of the STA is automatic and no causal connection is required); *United States v. Montoya*, 827 F.2d 143, 151-52 (7th Cir. 1987) (stating that "Congress did not intend to saddle the government with proving a causal relationship between another proceeding and its delay in indicting or bringing a defendant to trial each time it

---

[12]18 U.S.C. § 3161(e) provides "[i]f the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final."

[13]18 U.S.C. § 3161(h) provides: "The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, *or* in computing the time within which the trial of any such offense must commence . . . ." (emphasis added).

[14]18 U.S.C. § 3161(h)(1)(d) excludes "delay resulting from trial with respect to other charges against the defendant[.]"

seeks an exclusion under section 3161(h)(1)," and holding that the time during which an "other proceeding" under § 3161(h)(1) is pending is automatically excludable from the pre-indictment period under § 3161(b)).

**[9]** The upshot is that even though the filing of Pete's certiorari petition did not actually cause any delay — as evidenced by the fact that the indictment was returned while the certiorari petition was pending — the time during which Pete's certiorari petition was pending is still excludable under our precedents, as the period is one covered by § 3161(h)(1).

## 2.    Excludability of the pre-filing period

Pete argues that even if the period during which his certiorari petition was pending is excludable, the charges against him should be dismissed because more than thirty days of includable time passed between the issuance of the mandate in his interlocutory appeal and the filing of his certiorari petition. We conclude that in the unusual circumstances of this case, Pete's STA clock resumed running with the issuance of the mandate, but stopped soon thereafter because the period of time beginning with Pete's motion to recall the mandate and ending with the filing of the petition is excludable.

**[10]** We have held that generally, after an appeal, the period of excludable delay under the STA ends on the day this court's mandate issues, because that is the date the appellate decision is final and jurisdiction returns to the district court. *See Crooks II*, 836 F.2d at 5 (quoting *Ross*, 654 F.3d at 616); *see also United States v. Lloyd*, 125 F.3d 1263, 1265 n.1 (9th Cir. 1997) (holding that the STA clock under § 3161(e) began running again with the issuance of the mandate) (citing *Crooks II*, 826 F.2d at 5); *United States v. Rush*, 738 F.2d 497, 509 (1st Cir. 1984) (relying on cases applying § 3161(e) to hold that excludable time for interlocutory appeals under § 3161(h)(1)(E) ends when the mandate issues, noting that "the date on which the mandate is issued . . . determines when

the district court reacquires jurisdiction for further proceedings.") (citing *Ross*, 654 F.2d at 616). *Crooks II* did not specifically address the possibility that a certiorari petition would be filed after the mandate issues for an interlocutory appeal, presumably because no such circumstance was there presented, but it did hold that the exclusion for interlocutory appeals ends with the issuance of the mandate, not with the expiration of the time to file a petition for writ of certiorari. Somewhat analogously, in the context of an appeal from the district court, the ten days within which a party may file a notice of appeal following a district court order are not excludable under the STA unless there is an intervening excludable event; the STA begins to run following the district court's order.[15] *See* n.5, *supra*. In the run of cases, *Crooks II* dictates the parallel rule here — that is, that the period within which to file a petition for a writ of certiorari from an interlocutory appeal is not usually excludable time. Applying this rule, the STA clock in this case resumed running with the issuance of this court's mandate.

This case, however, is an oddity. Ordinarily, in situations in which a defendant intends to file a certiorari petition, the defendant will typically seek a timely stay of the mandate pending the filing of a certiorari petition, thereby indicating an intention to file one. In those circumstances, assuming the stay of the mandate is granted, the STA clock would resume when the mandate issues (i.e., after the resolution of the certiorari petition).

[11] Here, however, there was no timely motion to stay the mandate. The mandate issued, and jurisdiction was thereby

---

[15]Although the pre-appeal period is useful as an analogy, the fact that the time during which a party may file an appeal is not automatically excludable is not dispositive with regard to the pre-certiorari petition period. A notice of appeal following a pretrial motion begins an entirely new proceeding, while the certiorari petition is, for the reasons stated *supra*, encompassed within the broad language of the exclusion for interlocutory appeals contained in § 3161(h)(1)(E).

returned to the district court. *See Ruiz-Alvarez*, 211 F.3d at 1184 ("Once a mandate issues, . . . jurisdiction over a criminal case *automatically* revests in the district court."). Pete's STA clock resumed running at that time. But soon thereafter, when filing a motion to recall the mandate, Pete did state an intention to file a petition for a writ of certiorari (and did in fact do so).

Pete could have filed the petition for a writ of certiorari within the thirty day STA period after the issuance of the mandate (or after the denial of the motion to recall the mandate). Had he done so, he would clearly have triggered the exclusion for the period during which the certiorari petition was pending. That he did not do so, but instead — after announcing that he was going to file a petition — waited the full ninety days after the denial of rehearing permitted by the Supreme Court rules,[16] *see* Sup. Ct. R. 13, should not change the timing of the government's obligation to file an indictment under the STA. The government has no control over the defendant's choice in this regard. Under these circumstances, it would make little sense to require — as opposed to allow — the government to proceed against a defendant within thirty days after the mandate issues even though the defendant has said he will file a petition for writ of certiorari (which he has ninety days after judgment or the denial of rehearing to file), only to pause the criminal proceedings once a timely certiorari petition is actually filed to await the Supreme Court's decision. *Cf. Tyler*, 878 F.2d at 759 (recognizing in the context of a petition for a writ of mandamus that although the district court retained jurisdiction over the case following

---

[16]A timely certiorari petition must be filed "within 90 days after entry of the judgment," or "if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment[,]" unless a Justice extends the time "for a period not exceeding 60 days" for good cause. Sup. Ct. R. 13.

the government's mandamus petition, "the district court justifiably could defer trial until resolution of the appellate proceedings. . . . Had the government prevailed on the merits of the mandamus petition . . . the trial strategies of the government as well as the defense would surely have been altered.").

**[12]** We conclude, instead, that the least awkward and most practical interpretation of the STA, given the competing considerations, is that once the defendant has clearly announced in a court document an intention to file a certiorari petition, the time following such an announcement is excludable under the STA as a "delay resulting from an[ ] interlocutory appeal" until (1) the defendant formally disclaims that intent; (2) the period for filing a petition for a writ of certiorari expires; (3) the petition is filed but denied; or (4) the petition is granted, decided on the merits, and any further court of appeals proceedings are concluded. As Pete filed a motion to recall the mandate, spelling out his intention to file a petition for a writ of certiorari, the period from the filing of that motion until the certiorari petition was denied is excluded under the STA.

## III.

**[13]** For the foregoing reasons, we hold that the entire period from the time Pete filed his motion to recall the mandate on December 23, 2004, up until the Supreme Court denied Pete's certiorari petition on June 20, 2005, is excludable. As a result, there was no violation of the STA. Thus, the district court's denial of Pete's motion to dismiss based on the STA is **AFFIRMED**.