**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10524 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-01217-ROS-1 |
| v. | |
| GREGORY THOMAS YOUNG, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted November 5, 2009
San Francisco, California

Before: GOODWIN and W. FLETCHER, Circuit Judges, and MILLS,[**] District Judge.

Gregory Thomas Young appeals his conviction. He assigns error to the

district court's denial of his motion for a mistrial following a jury trial that resulted

in a hung verdict on Count 1, Assault with a Dangerous Weapon, and a guilty

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard Mills, District Judge for the Central District of Illinois, sitting by designation.

verdict on Count 2, Assault Resulting in Serious Bodily Injury. Young argues that the verdict is necessarily logically inconsistent because the evidence cannot simultaneously be insufficient on Count 1 and sufficient on Count 2; that prosecutorial misconduct and the court's erroneous response to a jury question contributed to the inconsistent verdict; and that the court erred in failing to investigate alleged juror misconduct. We review a district court's denial of a motion for a mistrial and its response to alleged juror misconduct for abuse of discretion. *United States v. Banks*, 514 F.3d 959, 973 (9th Cir. 2008); *United States v. Shyrock*, 342 F.3d 948, 973 (9th Cir. 2003). Where a defendant raises an issue on appeal that was not raised at trial, we review for plain error. *United States v. Olano*, 507 U.S. 725, 730-36 (1993). We affirm.

The verdict is not necessarily logically inconsistent. A hung count "is evidence of nothing–other than, of course, that [the jury] has failed to decide anything," *Yeager v. United States*, 129 S. Ct. 2360, 2370 (2009), and does not necessarily mean that the evidence was insufficient to sustain a guilty verdict on that count. Further, "mere inconsistency of verdicts does not require reversal unless there is insufficient evidence to sustain the guilty verdict," *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984), and here there is sufficient evidence to sustain the guilty verdict on Count 2.

Nor is there reversible error in the prosecutor's statement, which Young argues suggested a theory about how the victim was injured that was not supported by the evidence, or in the court's response to the jury's first question. Young did not object to either at trial, and we find no plain error. The prosecutor clarified to the jury that the government had no alternative theory and the court instructed the jury that arguments of counsel are not evidence, an instruction that "tends to draw the sting from improper arguments." *Leavitt v. Arave*, 383 F.3d 809, 834 (9th Cir. 2004). Because only Count 1 requires the use of a weapon, there is no plain error in the court's assumption that the jury's question, "Does the weapon have to be a knife," pertained only to Count 1. Moreover, even if there is error, there is no evidence that it affected the outcome of the district court proceedings, because the verdict is not inconsistent and is supported by the evidence.

Finally, the district court did not err in its response to the jury's second note, which read, in part, "One of the jurors has made comments of personal sympathy and opinions toward the family. The jury feels this person is violating . . . our instructions." District courts have discretion to determine whether to hold a hearing to investigate allegations of juror misconduct. *See United States v. Angulo*, 4 F.3d 843, 847 (9th Cir. 1993). The note suggests only vague allegations of bias–the defendant, the victim, and several witnesses were family members, so it is unclear toward whom the juror felt sympathy–and does not indicate that the juror's

"personal sympathy and opinions" had influenced the other jurors.  The district court therefore did not abuse its discretion in concluding that the note did not necessitate an investigative hearing or warrant a mistrial.

**AFFIRMED.**