**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10576 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00009-RVM-2 |
| v. | |
| AIFANG YE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the District Court
for the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted February 19, 2015
Honolulu, HI

Before: CLIFTON, N.R. SMITH, and FRIEDLAND, Circuit Judges.

Aifang Ye appeals her convictions for aiding and abetting the provision of false information in a passport application in violation of 18 U.S.C. § 1542 and for conspiracy to do the same. She argues that there was insufficient evidence to support her convictions. We review de novo a defendant's appeal challenging the sufficiency of the evidence. *United States v. Bennett*, 621 F.3d 1131, 1135 (9th

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Cir. 2010). We hold that there was sufficient evidence to support the jury's verdicts on both counts.

For the conspiracy conviction, Ye argues that there was insufficient evidence to find that Ye and her brother-in-law Zhenyan Cheng entered into an unlawful agreement because, she contends, there was no evidence that Ye or Zhenyan knew that what they agreed to do was unlawful. Contrary to Ye's assertions, there was sufficient evidence for the jury to find that Ye and Zhenyan agreed to have Zhenyan make a statement he knew to be untrue when applying with Ye for a passport for Ye's daughter. Because we hold in our concurrently filed opinion that violating § 1542 does not require specific intent, the jury did not need to find that either Zhenyan or Ye knew that what they were doing was unlawful. Ye's sufficiency-of-the-evidence arguments challenging the conspiracy conviction therefore fail.

For the aiding and abetting conviction, Ye argues that her conviction should be overturned because Zhenyan was acquitted of providing false information in a passport application and because there was insufficient evidence to support her conviction for aiding and abetting the falsification of a passport application.

Ye's aiding and abetting conviction is not precluded by Zhenyan's acquittal. A jury's acquittal of the principal on the underlying offense charge does not preclude the jury from convicting another defendant for aiding and abetting the

2

acquitted principal. *Standefer v. United States*, 447 U.S. 10, 20 (1980). "[I]t is a long established principle of law that mere inconsistency of verdicts does not require reversal unless there is insufficient evidence to sustain the guilty verdict." *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984) (citations omitted).[1]

Moreover, there was sufficient evidence to sustain Ye's guilty verdict for aiding and abetting Zhenyan's violation of 18 U.S.C. § 1542. As we hold in our concurrently filed opinion, a conviction under the first paragraph of § 1542 requires only that, in applying for a passport, the defendant made a statement the defendant knew to be untrue. Contrary to Ye's contentions, there was sufficient evidence that she and Zhenyan knew that the information Zhenyan would provide the passport office was false, and that she aided him in providing it.

**AFFIRMED.**

---

[1] For purposes of Ye's conspiracy conviction, it also does not matter that the jury acquitted Zhenyan of conspiracy and providing false information on a passport application. "It is well established that a person may be convicted of conspiring with a co-defendant even when the jury acquits that co-defendant of conspiracy." *United States v. Ching Tang Lo*, 447 F.3d 1212, 1226 (9th Cir. 2006).