**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Branden PETE, Defendant–Appellant.**

No. 06–10390.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed May 8, 2008.

Vincent Q. Kirby, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Thomas M. Hoidal, Esq., Hoidal & Hannah, PLC, Phoenix, AZ, for Defendant–Appellant.

Before: GIBSON *, BERZON, and BEA, Circuit Judges.

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit,

## MEMORANDUM **

Branden Pete ("Pete") appeals his conviction for second degree murder, felony murder, and conspiracy to commit murder, for which he was sentenced to life in prison.

### 1. The speedy trial provision of the Juvenile Delinquency Act ("JDA"), 18 U.S.C. § 5036

■ The district court's factual conclusion that Pete's tribal detention did not indicate any "bad faith collusion between federal or tribal authorities in detaining [Pete] on the tribal charges," *United States v. Doe* ("*Doe II*"), 366 F.3d 1069, 1074 (9th Cir.2004) (en banc), was not clearly erroneous. There is testimony by both federal and tribal officers supporting the conclusion that the tribal officers independently decided whether to take Pete into custody and what to charge him with. Furthermore, the record does not prove that "tribal and federal police actually collaborated to deny [Pete] his federal procedural rights." *United States v. Doe* ("*Doe I*"), 155 F.3d 1070, 1078 (9th Cir.1998) (en banc).

Pete's federal detention therefore did not begin during the seven months he spent in tribal custody. We affirm the district court's denial of Pete's motion to dismiss for violation of the speedy trial provision of the JDA.

### 2. The admissibility of Pete's confession

■ Looking to the "totality of the circumstances," *United States v. Vallejo*, 237 F.3d 1008, 1014 (9th Cir.2001); *Fare v. Michael C.*, 442 U.S. 707, 725, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979), Pete's state-

ments to federal and tribal agents were provided voluntarily, and the district court did not clearly err in finding that the statements were provided knowingly and intelligently. *United States v. Rodriguez–Preciado*, 399 F.3d 1118, 1127 (9th Cir.), *amended by* 416 F.3d 939 (9th Cir.2005). Both Pete and his mother signed a written waiver of their *Miranda* rights. There was testimony from agents Manns and St. Germaine that Pete was no longer under the influence of alcohol when he was interrogated; he was not sleep-deprived; his confession was not coerced; he informed the investigators that he read and spoke English; and Pete and his mother indicated that they understood each of the rights contained on the standard advice of rights form. *See Doe I*, 155 F.3d at 1075.

In addition, there was no "bad faith collusion between federal or tribal authorities," *Doe II*, 366 F.3d at 1074, or evidence "that tribal and federal police actually collaborated to deny [Pete] his federal procedural rights." *Doe I*, 155 F.3d at 1078. We therefore affirm the district court's denial of Pete's suppression motion.

### 3. Jury selection

■ The district court did not err by excusing two jurors who expressed beliefs supportive of a defendant's rights. The court conducted an individualized determination. When questioned about their beliefs, both jurors were unable to assure the district court of their ability to be fair and impartial. As a result, the district court did not abuse its discretion in excluding both jurors. *See United States v. Padilla–Mendoza*, 157 F.3d 730, 734 (9th Cir.1998).

■ Nor did the district court err in overruling Pete's challenges for cause of

---

sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurors who had affiliations with law enforcement. None of the jurors in question actually served as jurors in the case. As a result, there is no evidence that the jury that tried Pete's case was biased or prejudiced, and thus no reversible error. *See United States v. Martinez–Salazar*, 528 U.S. 304, 316–17, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000); *United States v. Alexander*, 48 F.3d 1477, 1483–84 (9th Cir. 1995).

## 4. Evidentiary dispute over impeachment evidence under Fed.R.Evid. 806

■ The district court also did not err by refusing to allow Pete to introduce evidence of Hoskie James's prior conviction pursuant to Fed.R.Evid. 806. Hoskie James did not testify. Hoskie's son, Harris James testified that after Pete threw a rock down on the victim, Pete told Harris to throw a rock down on her and "my dad[, Hoskie,] told me not to." That statement was not hearsay. It did not contain any factual assertions by Hoskie and was not offered to prove the truth of any matter. Fed.R.Evid. 801. Furthermore, Hoskie's credibility has no bearing on whether Hoskie actually said what Harris testified that Hoskie said, because there was simply nothing in Hoskie's alleged statement that is impeachable. As a result, the district court did not abuse its discretion in denying the admission of Hoskie's prior conviction.

With respect to Hoskie's statements offered by Harris on cross-examination, those statements may have been hearsay, but they supported Pete's defense theory. Any error in denying Pete the opportunity to impeach Hoskie with his prior convictions would be harmless. *See United States v. Rowe*, 92 F.3d 928, 933 (9th Cir. 1996).

## 5. Jury instructions

■ (a) The district court granted Pete's motion in limine to exclude threats made by Pete toward Federal Agent Manns on August 22, 2002, but did allow the government to elicit from Agent Manns testimony that Pete was intoxicated, that he resisted, and that force was needed to subdue him. The district court gave Ninth Cir. Model Crim. Jury Instr. 3.11, which is reserved for situations in which 404(b) character evidence is not admitted, instead of Instruction 3.10, which is used in situations in which 404(b) evidence is admitted. Although the evidence was admitted as background evidence, it carried some risk of unfair prejudice as evidence of bad character and a propensity for violence. As a result, the district court abused its discretion by failing to give Instruction 3.10.

■ The error, however, was harmless. The instruction given was not substantially different from Instruction 3.11. Instruction 3.10 informed the jury that "[t]he defendant is on trial only for the crime[s] charged in the indictment, not for any other activities," mitigating the risk of unfair prejudice. In addition, the 404(b) evidence admitted at trial related to prior acts significantly different from those underlying Pete's crime of conviction, making it unlikely the jury might impermissibly find guilt in conformity with these prior actions. Finally, the evidence against Pete was exceedingly strong. Because no prejudice resulted from the improper instruction, there was no reversible error. *See United States v. Frega*, 179 F.3d 793, 807 n. 16 (9th Cir.1999).

(b) The instruction given by the court regarding the credibility of witnesses, though less specific regarding prior inconsistent statements than the instruction requested by Pete, adequately instructed the jury on witness credibility, was an accurate

statement of the law, and was not an abuse of discretion. *See Frega*, 179 F.3d at 807 n. 16.

### 6. Cumulative error

The cumulative effect of the district court's trial errors does not require reversal. Only one error was identified, and it was harmless. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir.2002).

### 7. Cruel and unusual punishment for a juvenile

■ Under binding Ninth Circuit precedent, Pete's sentence of life imprisonment without parole is not cruel and unusual punishment for a juvenile. *Harris v. Wright*, 93 F.3d 581, 585 (9th Cir.1996). *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), which held that the Eighth Amendment prohibits the imposition of the death penalty on a juvenile offender, is not clearly irreconcilable and does not compel a different result. There is thus insufficient justification for this panel to overrule *Harris*. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir.2003). As a result, Pete's sentence of life without parole does not constitute cruel and unusual punishment for a juvenile and is affirmed.

**AFFIRMED.**[1]

---

1. Pete's contention that the government violated the Speedy Trial Act, 18 U.S.C. § 3161, is addressed in a separate opinion, filed contemporaneously with this memorandum disposition.