**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10215 |
| Plaintiff-Appellee, | D.C. No. 3:03-CR-00355-SMM-04 |
| v. | |
| BRANDEN PETE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted October 16, 2018[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL,*** District Judge.

This is the second appeal following Branden Pete's convictions for second-degree murder, felony murder, and conspiracy to murder. Pete was 16 when he and three others raped and killed Charlotte Brown. In the first appeal, this court vacated Pete's sentence of 708 months' imprisonment and remanded for resentencing. On remand, the district court sentenced him to a 648-month prison term.[1] We affirm.

1. Pete argues that *Miller v. Alabama*, 567 U.S. 460 (2012), invalidated U.S.S.G. § 2A1.1 and base offense level 43 for juvenile offenders, and that his Guidelines sentence calculation was erroneous. The argument is foreclosed by *United States v. Briones*, which held that *Miller* did not overrule the Supreme Court's instruction that "a district court should begin *all* sentencing proceedings by correctly calculating the applicable Guidelines range." *See* 890 F.3d 811, 816–17 (9th Cir. 2018) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). Pete's claim also fails because it incorrectly assumes that using base offense level 43

---

*** The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

[1] *See United States v. Pete*, 819 F.3d 1121 (9th Cir. 2016); *United States v. Pete*, 525 F.3d 844 (9th Cir. 2008); *United States v. Pete*, 277 F. App'x 730 (9th Cir. 2008); *United States v. Brandon P.*, 387 F.3d 969 (9th Cir. 2004).

2

requires a life sentence. The Guidelines are advisory, *United States v. Booker*, 543 U.S. 220, 245 (2005), and the district court sentenced Pete to a term of years, not life.[2]

2. Pete also contends that base offense level 43 is unlawful because it does not give a "range," as 28 U.S.C. § 994(b)(1) requires. Pete recycles this argument from his 2014 appeal. *See Pete*, 819 F.3d at 1134–35. The prior panel rejected this argument because offense level 43 is consistent with the federal murder statute, 18 U.S.C. § 1111. *Id.* The argument is both wrong and foreclosed by the law of the case. *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc).

3. Pete further argues that the district court erred in applying U.S.S.G. § 2A1.1 instead of § 2A1.2 because the jury acquitted him of premeditated first-degree murder and convicted him of second-degree murder. But the jury convicted Pete of felony murder arising from kidnaping or sexual abuse, which is governed by § 2A1.1. U.S.S.G. §§ 2A3.1, 2A4.1 (cross-referencing § 2A1.1); *see* § 2A1.1 cmt. 2(B). The district court did not err in applying § 2A1.1.

4. Nor did the district court commit prejudicial error in applying the enhancement for obstructing justice. U.S.S.G. § 3C1.1. Without the two-point

---

[2] *Miller* is not implicated here. In *Miller*, the defendants were juveniles sentenced to life without parole. *Miller*, 567 U.S. at 465. Pete did not receive a life sentence without parole.

enhancement, Pete's adjusted offense level would have been 45 instead of 47. It would still have defaulted to 43, the level from which the district court began the calculation of his sentence. If there was error, it was harmless.

**AFFIRMED.**